The New York Central and Hudson River Railroad Company, Respondent and Appellant, *v.* The City of Buffalo, Appellant and Respondent.

Eminent domain — when lands once taken for a public use cannot be condemned for another public use — lands may be used for railroad purposes and a street crossing at the same time, and a city may acquire the fee of land occupied by a railroad for a street crossing subject to the railroad's right of way over such land.

Where lands have once been taken or acquired for public use, they cannot be taken for another public use, at least if such other use would interfere with or destroy that first acquired, unless the intention of the legislature that such lands should be so taken is shown by express terms or necessary implication.

Lands may be used for railroad purposes and for a highway crossing at the same time. When lands in use as a railroad right of way are taken by condemnation for the purpose of opening a street across such right of way, the municipality ordinarily obtains a common right with the railroad company for the use of the land condemned and the railroad company continues to use its right of way for its corporate purposes not inconsistent with its use as a street crossing.

After the fee of land over which a highway is to be opened is obtained, if the municipality decides that the public interest does not require that the lands be immediately opened as a public highway, and it consequently delays opening the same, it does not thereby either lose the title to the land or its right to open the same to public use.

Plaintiff's predecessor in title was the owner of land acquired and used for its right of way. On proceedings for condemnation of such lands by the city of Buffalo for the purpose of laying out and extending a street, the then owner made no opposition and accepted an award for "all its rights, title and interest in and in full of all damages." *Held*, that the city obtained the fee of the land and all interest therein subject to plaintiff's easement for right of way over the whole thereof.

*N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo*, 128 App. Div. 373, modified.

(Argued October 5, 1910; decided December 6, 1910.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 4, 1909, affirming in part and reversing in part

a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the defendant from extending Delavan avenue, in the city of Buffalo, across the tracks of the plaintiff, and from constructing and maintaining a grade crossing at such point. The trial court determined that the defendant was the owner in fee of a strip of land across plaintiff's right of way, sufficient in width for the extension of the avenue in question, excepting such part as was actually used for railroad purposes, and as to that part it had the right to carry such avenue across the same and use it for highway purposes on giving to the plaintiff due notice and an opportunity for it to take such highway across its tracks and construct said crossing. The Appellate Division affirmed the determination of the trial court as to the title to the land in question, but held that the defendant should be enjoined from extending the avenue until it had complied with section 611 of the Railroad Law by securing a determination by the pub.ic service commission as to whether such avenue should be constructed over or under said railroad or at grade, and the manner in which such crossing should be constructed.

The further material facts are stated in the opinion.

*Clark II. Hammond, Corporation Counsel (Harry D. Sanders* of counsel), for defendant, appellant and respondent. The condemnation proceedings of 1867 were effectual to open and lay out Delavan avenue from Niagara street to the Erie canal and vest the lands in fee in the city of Buffalo. (*Matter of City of Buffalo,* 68 N. Y. 167; 72 Hun, 422; *Matter of Cooper,* 93 N. Y. 507; *Mayor of New York* v. *M. Ry. Co.,* 143 N. Y. 1; *People ex rel. McLaughlin* v. *Police Comrs.,* 174 N. Y. 456; *Ryan* v. *City of New York,* 177 N. Y. 279; *Embry* v. *Connor,* 3 N. Y. 511; *City of Albany* v. *W. T. R. R. Co.,* 108 N. Y. 18; *Sherman* v. *McKeon,* 38 N. Y. 266.) In the year 1902 the city was in full possession of the lands taken for laying out Delavan ave-

nue, and all the rights acquired under the condemnation proceedings, and entitled to the enjoyment thereof. There is no finding in the decision, evidence in the record or statute effectual to divest the city of the lands or rights thus acquired. (*Matter of Lexington Avenue*, 29 Hun, 303; 92 N. Y. 629; *Matter of Wolsley*, 95 N. Y. 135; *Matter of Burns*, 155 N. Y. 22; *Indianapolis* v. *Croas*, 7 Ind. 9; *Cross* v. *Morristown*, 18 N. J. Eq. 305; *State* v. *Morristown*, 33 N. J. L. 57; *Vanderbeck* v. *City of Rochester*, 76 Hun, 87; *Woodruff* v. *Paddock*, 56 Hun, 288; *City of Buffalo* v. *D., L. & W. R. R. Co.*, 190 N. Y. 84; *Beckwith* v. *Whalen*, 65 N. Y. 322.) This is not a case of laying out a street or highway across the tracks of a railroad, but at most involves the construction of a crossing upon a street already laid out, and the railroad commission, or its successor, the public service commission, has no jurisdiction. (*People ex rel. Town of Colesville* v. *D. & H. Co.*, 177 N. Y. 337; *U. S. F. & G. Co.* v. *U. S.*, 209 U. S. 306; *G. & W. Ry. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 163 N. Y. 228.)

*Alfred L. Becker* and *Maurice C. Spratt* for plaintiff, respondent and appellant. Delavan avenue cannot be constructed across plaintiff's tracks except after the statutory proceedings before the railroad commission, or its successor, the public service commission. (L. 1897, ch. 794; L. 1898, ch. 520; *People ex rel. City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 158 N. Y. 410; *Vanderbeck* v. *City of Rochester*, 46 Hun, 87; *People ex rel. Town of Colesville* v. *D. & H. Co.*, 177 N. Y. 337.) The conclusion of law and judgment of the trial court that the city by the proceedings of 1867 acquired a greater right than a mere easement over the lands of the plaintiff were error. (*Matter of City of Buffalo*, 72 Hun, 422; *Matter of N. Y., L. & W. R. Co.*, 99 N. Y. 12; *People ex rel. City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.*, 69 Hun, 166; *Matter of City of Buffalo*, 68 N. Y. 167; *Matter of Foltz St.*, 18 App. Div. 568; *City of Buffalo* v. *Hoffeld*, 6 Misc. Rep. 197; *Matter of Water*

*Comrs.*, 96 N. Y. 351 ; *Conklin* v. *O. C. R. Co.*, 155 Mass. 155.)
Under section 234 of the Highway Law the city lost all rights
in the plaintiff's premises, and they reverted to the plaintiff
free of any highway easement, by reason of abandonment and
nonuser. (*City of Buffalo* v. *Hoffeld*, 6 Misc. Rep. 197;
*Horey* v. *Village of Haverstraw*, 124 N. Y. 273; *People ex
rel. City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.*, 69
Hun, 166 ; *Ludlow* v. *City of Oswego*, 25 Hun, 260.)

Chase, J.   It is not disputed that a railroad corporation on
June 23, 1853, purchased in fee that tract of land " bounded
by the two outward lines of the *railroad constructed or to be
constructed* by the said company." The lands so described, so
far as now under consideration, are further described as being
seventy-five feet wide across lot 13 mentioned in the deed
conveying said property. The plaintiff is the successor of
such railroad corporation.

About the time when such land was purchased by it, the
corporation constructed railroad tracks thereon, and it, with
other lands constituting its roadway, has ever since been used
by the corporation and its successors as railroad property.
Upon it at the time of the trial of this action were railroad
tracks, which are a part of the plaintiff's main roadway, from
Buffalo to Niagara Falls, and over it were run about two hun-
dred trains daily. It does not appear how many railroad
tracks were maintained upon such piece of land in 1867, but
at the time of the trial of this action there were two tracks
and three side tracks thereon.

Upon a petition duly filed therefor, the city of Buffalo, in
1867, by resolution of its common council, declared that it
thereby determined to take and appropriate the land and
property necessary to lay out and extend Delavan avenue
from its present (1867) termination on Niagara street in said
city westerly to the towing path of the Erie canal. The land
so declared to be necessary to lay out and extend Delavan
avenue was a strip sixty-six feet wide across the land so pur-
chased by the plaintiff's predecessor in title on June 23, 1853,

and land of other persons adjoining the same on either side. The resolution was passed pursuant to the authority of title 8 of the charter of the city of Buffalo, being chapter 230 of the Laws of 1853. Proceedings were continued pursuant to said title of the charter, and commissioners were appointed to ascertain and award to the respective owners of the property taken such damages as were a just compensation to them respectively. Such commissioners duly reported, and their report was confirmed by the court. The plaintiff was made a party to the proceeding and was awarded damages " For all its rights, title and interest in, and in full of, all damages for parcel No. 2 " (the strip across the railroad company's land) the sum of $132. The award to the plaintiff's predecessor was paid and accepted by it.

By section 18 of title 8 of the charter it is provided that " Upon such payment   *   *   *   the fee of the land shall vest in the city." It will not be helpful at this time to specu-late upon what determination would have been reached by the common council if the plaintiff's predecessor in title, then the owner in fee of the land on which its roadway was main-tained, had appeared before it, and urged that the land should not be taken and appropriated for the extension of Delavan avenue. The plaintiff's predecessor in title did not, so far as appears, oppose the resolution of the common council or appear in the proceeding. It apparently acquiesced therein, and it accepted the award for damages made to it.

In determining what interest the city of Buffalo obtained in the land by virtue of the resolution and proceedings men-tioned, it is necessary to consider briefly the rule or rules of law affecting its right to take and hold the land or some interest therein.

Lands already taken by condemnation or acquired by pur-chase for public use should not be taken for another public use unless the reasons therefor are special, unusual and pecul-iar. For this reason it has been frequently held that where lands have once been taken or acquired for public use, they cannot be taken for another public use, at least if such other

public use would interfere with or destroy the public use first acquired, unless the intention of the legislature that such lands should be so taken is shown by express terms or necessary implication. (*Matter of Mayor etc., of N. Y.* [*East 161st Street*], 52 Misc. Rep. 596; affd., on opinion in the court below, 135 App. Div. 912; affd., 198 N. Y. 606; *Matter of Boston & Albany R. R. Co.*, 53 N. Y. 574; *Matter of City of Buffalo*, 68 N. Y. 167; *Prospect Park & C. I. R. R. Co.* v. *Williamson*, 91 N. Y. 552; *Albany Northern R. R. Co.* v. *Brownell*, 24 N. Y. 345; *Suburban R. T. Co.* v. *Mayor*, etc., of *N. Y.* 128 N. Y. 510; *Matter of Folts Street*, 18 App. Div. 568.)

Notice was duly published as required by the charter that the common council of the city had determined to take and appropriate the land and property necessary to extend Delavan avenue as therein stated. The plaintiff and its predecessor knew, or should have known, of the provisions of the city charter, including the one declaring that the fee of land taken for street purposes vests in the city. On the other hand the city knew that upon the land sought to be acquired there was constructed one of the railroad corporation's most important roadways. Was it the defendant's intention to exclude the railroad corporation therefrom?

Lands may be used for railroad purposes and for a highway crossing at the same time. Such uses are not necessarily inconsistent. When lands in use as a railroad right of way are taken by condemnation for the purpose of opening a street across such right of way, the municipality ordinarily obtains a common right with the railroad company for the use of the land condemned and the railroad company continues to use its right of way for its corporate purposes not inconsistent with its use as a street crossing. (*Chicago & N. W. Ry. Co.* v. *Town of Cicero*, 157 Ill. 48; *Illinois Central R. R. Co.* v. *Town of Normal*, 175 Ill. 562.)

The amount awarded the plaintiff for damages, and the history of the proceeding and the subsequent conduct of the parties, show that it was not the intention of the city to

interfere with the railroad company's easement for railroad purposes. The municipality knew and should be presumed to have taken into consideration that there is no express authority given by the city charter to take the lands sought by it for street purposes to the exclusion of the railroad corporation for its right of way. By the proceedings maintained by the city, and in which the plaintiff's predecessor in title apparently acquiesced, the city should be held to have obtained the fee of the land and all interest therein, subject to the plaintiff's easement.

It appears from the deed by which the plaintiff's predecessor in title acquired the property in question, that it was so acquired for railroad purposes ; and it does not appear in this action that the land over which the proposed highway is to be carried is more in width than is required or may reasonably be required by the plaintiff for its right of way.

The plaintiff should have, as a part of the judgment herein, an adjudication that its easement in such land for right of way extends over the whole width thereof.

It is claimed by the plaintiff that because the defendant failed to open and work Delavan avenue across the strip of land described in the complaint within six years from the time it acquired title by virtue of the proceeding in 1867, such strip of land has ceased to be a highway, and the municipality has lost all right, title or interest in such land.

Section 234 of the Highway Law and the statutes from which it is derived, and of which it is a substantitl re-enactment, is not applicable in this case, because the defendant obtained the fee of such strip of land subject to the plaintiff's easement as stated. ( *Vanderbeck* v. *City of Rochester*, 46 Hun, 87; *Matter of Lexington Avenue*, 29 Hun, 303; affd., 92 N. Y. 629; *Woodruff* v. *Paddock*, 56 Hun, 288; *Raynor* v. *Syracuse University*, 35 Misc. Rep. 83, 92.)

The period of six years mentioned in the statute is a limitation upon the life of an unused easement. When an easement is acquired by purchase or otherwise, by which a street can be opened and worked across a piece of land, such land

does not thereby become a street in fact for public use until it is opened, and it is such an easement, consisting of a right to open and work a highway, which is deemed abandoned if not exercised within six years.

Where the title is taken in fee, although for the purposes of a highway, there is no limitation upon the municipality's ownership of the land. After the fee of the land over which a highway is to be opened is obtained, if the municipality decides that the public interest does not require that the lands be immediately opened as a public highway, and it consequently delays opening the same, it does not thereby either lose the title to the land or its right to open the same to public use. When the municipality decides to open the same to the use of the public, its construction across the roadway, of a railroad corporation, must conform to the determination of the public service commission. (Section 61, Railroad Law.)

The discussion by the Appellate Division of the question as to the necessity of applying to the public service commission to determine whether Delavan avenue if constructed across the lands in question shall be carried over the same at grade or otherwise, is convincing, and it is unnecessary to add to it at this time.

The judgment should be modified so as to include an adjudication that the plaintiff's easement for a railroad right of way in that part of the lands purchased by its predecessor in title, on June 23, 1853, which were taken by the defendant for the purpose of extending Delavan avenue in 1867 extends to the entire width thereof and as so amended it should be affirmed, without costs in this court.

Cullen, Ch. J., Vann, Werner, Willard Bartlett and Hiscock, JJ., concur.

Judgment accordingly.