COUNTY OF DELAWARE, Respondent, *v.* WALTON WATER COMPANY et al., Appellants.

Third Department, August 13, 1959.

*Costello, Cooney & Fearon (George R. Fearon* of counsel), for appellants.

*Harold E. Hyzer* for respondent.

GIBSON, J. The appeal is from an order which appointed Commissioners of Appraisal, upon determining that the public use required the condemnation for county highway purposes of real property owned by the corporate defendant, a public utility supplying water to the Village of Walton.

Although several questions are argued, the true issues seem to us rather narrow and to respect only (1) the limitations upon the power of the county to condemn lands heretofore acquired by the appellant utility for a public use, and (2) the procedural requirements of such a condemnation.

There seems to us no clear legislative mandate which would remove this case from the general rule " that where lands have once been taken or acquired for public use, they cannot be taken for another public use, at least if such other public use would interfere with or destroy the public use first acquired ". (*New York Cent. & Hudson Riv. R. R. Co.* v. *City of Buffalo,* 200 N. Y. 113, 117–118; *Matter of Central Hudson Gas & Elec. Corp.* v. *Morgenthau,* 234 App. Div. 530, 532, affd. 259 N. Y. 569.)

In this case the procedure is prescribed by sections 120 and 121 of the Highway Law which make no express provision for the trial of any factual issue. (Cf. Condemnation Law, § 11, inapplicable here by virtue of § 27.) However, it is recognized that there exists the right to interpose an answer to the petition required by the Highway Law " which must necessarily allege controvertible facts ". (*County of Jefferson* v. *Horbiger,* 229 App. Div. 381, 383.) That proper factual issues thus arising must be resolved upon a trial is a self-evident corollary. We find that, liberally construed, the answer, and the defenses in particular, sufficiently raise the issue of material interference with or destruction of the present public use to which the lands sought to be taken are alleged to be devoted. The county's right of condemnation as against the utility depends, of course, upon factual findings against the claim that such destruction or interference in some substantial degree will result from the taking. Basically, therefore, the issue is that of power to condemn and the predicate of our conclusion that the issue is for judicial rather than legislative determination is the absence of any authority in the municipality beyond " a general grant of power to condemn property ". (*Matter of Central Hudson Gas & Elec. Corp.* v. *Morgenthau, supra,* p. 532.)

The opinion below indicates clear recognition of the legal principles involved and of the relevant factual issues. The court erred, however, in deciding the issues upon the petition and answer. There is not enough in the scant record before us to warrant a finding that appellants waived a trial and submitted the issues for determination upon the papers.

The order should be reversed, on the law, with $10 costs, and the matter remitted to the County Court for further proceedings in accordance with this opinion.

BERGAN, J. P., COON, HERLIHY and REYNOLDS, JJ., concur.

Order reversed on the law, with $10 costs, and the matter remitted to the County Court for further proceedings in accordance with the opinion herein.