In the Matter of BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 2 OF THE TOWNS OF OSSINING AND MT. PLEASANT, Appellant, *v.* PACE COLLEGE et al., Respondents, et al., Defendant.

Second Department, December 28, 1966.

*Proskauer Rose Goetz & Mendelsohn (George G. Gallantz* of counsel), for appellant.

*Scribner & Miller* (*Herbert Plaut* and *Robert Miller* of counsel), for Pace College, respondent.

*Nordlinger, Riegelman, Benetar & Charney* (*David L. Benetar* and *Neil B. Hirschfeld* of counsel), for Association of Colleges and Universities of the State of New York, *amicus curiæ.*

*Bernard T. McGivern* for New York State School Boards Association, Inc., *amicus curiæ.*

CHRIST, Acting P. J. This appeal presents an interesting and important question. Is unimproved real property, purchased by a private institution of higher learning for the purpose of expanding its existing facilities, immune from condemnation by a local school board, which seeks to acquire the land for public school purposes, because it is already " devoted to a public use "? Special Term has held that it is and, on the motion of the plaintiff Board of Education to dismiss, as legally insufficient, a defense asserting that claim, has granted the defendant summary judgment dismissing plaintiff's petition upon the merits.

While the issue presented on this appeal from that judgment is primarily, if not purely, one of law, some brief account of the factual background will serve to bring the controversy into sharper focus. The subject parcel is an area of approximately 50 acres, formerly part of the Choate estate, a tract of 143 acres in the Town of Mount Pleasant, Westchester County. The 50 acres sought by plaintiff lie just within the limits of the school district, whose boundary traverses the estate. The Choate property approximates the shape of an inverted " U ", or horseshoe, and lies a short distance north of the 12½-acre campus upon which Pace presently operates a suburban branch called " Pace College Westchester ". No part of that 12½-acre site is involved in this proceeding.

While the plaintiff board was engaged ·in the preliminary task of obtaining the approval of a majority of the qualified voters of the school district to the designation of the subject parcel as a school site (Education Law, § 401, subd. 1), and after the board had made known its intention to secure such land by publishing the requisite notice of a special district meeting to be held for that purpose (*id.*, § 2007), Pace College purchased the Choate estate, including the 50 acres here involved, for the purpose of expanding its existing Westchester facilities.

The district voters adopted the resolution designating the subject parcel as a school site and, following the defendant

college's refusal to negotiate a sale, the plaintiff board instituted this proceeding. Thereafter, in its answer to the board's petition, Pace interposed a " separate and complete defense ", the essence of which is the claim that because Pace is a non-profit corporation chartered by the Board of Regents of the State of New York, is operated exclusively for educational purposes, and is subject to the supervision, guidance and control of various State educational agencies, it has a " public character " and its property is " devoted to a public use ". Therefore, Pace claims, its purchase of the property has pre-empted it for purposes of higher education, and it is no longer subject to condemnation by the plaintiff.

At the heart of this defense, which was upheld at Special Term, is a principle of law sometimes referred to as the doctrine of prior public use. Briefly stated, the doctrine operates to defeat attempts by a condemnor other than the State itself to condemn land already devoted to a public use, unless the Legislature, either expressly or by necessary implication, has authorized the particular acquisition in controversy (see, generally, 1 Nichols, Eminent Domain [3d ed.], p. 205 *et seq.*).

Plaintiff's primary contention before us is that the defense of a prior public use is available only to a property owner who has been granted a power to condemn equivalent to that of the petitioning condemnor, and that, since Pace has been granted no such power, it may not resist appropriation of the subject parcel by plaintiff, which has (Education Law, § 404, subd. 2).

In our opinion, plaintiff's contention is well founded and requires a determination of this appeal in its favor. In one of the earlier cases dealing with the issue, a private steam-boat company sought to resist the petitioning railroad's appropriation of a portion of its land upon which it had erected a dock by claiming, as Pace does, that the property was already devoted to a public use. The Court of Appeals rejected the contention and explained the rationale of the doctrine of prior public use, stating that, " because it could not be intended that the State, having authorized one taking, whereby the lands became impressed under authority of the sovereign with a public use, meant to nullify its own grant by authority to another corporation to take them again for another public use unless it so specifically decreed, it has been ruled that lands so held and impressed with a public trust were not embraced in words of general authority " (*Matter of New York, Lackawanna & Western R. R. Co.*, 99 N. Y. 12, 23).

Both before and since the decision just cited, the defense that the property sought was already dedicated to a public use has been raised before the courts of this State on several occasions, and the briefs before us contain almost exhaustive references to these decisions. Analysis of the cases reveals that in each instance in which the doctrine has been applied to defeat the condemnor's petition, the resisting property owner, whether or not it had so obtained the land, had been granted the power to acquire it *in invitum* (*Matter of City of New York* [*Saratoga Ave.*], 226 N. Y. 128; *Matter of City of Buffalo*, 68 N. Y. 167; *Prospect Park & Coney Is. R. R. Co.* v. *Williamson*, 91 N. Y. 552, 558; *Suburban R. T. Co.* v. *Mayor, etc. of New York*, 128 N. Y. 510; *New York Cent. & Hudson Riv. R. R. Co.* v. *City of Buffalo*, 200 N. Y. 113; *Matter of City of New York* [*Newport Ave.*], 218 N. Y. 274; *County of Delaware* v. *Walton Water Co.*, 9 A D 2d 16).

In each of these decisions, the language of the court clearly indicates that possession by the resisting owner of a power like that of the petitioner is of paramount significance. Not one of the cited decisions contains the slightest suggestion that the law protects from condemnation for public purposes lands other than those '' actually held by authority of the sovereign power for or necessary to some public purpose or use '' (*Matter of Rochester Water Comrs.*, 66 N. Y. 413, 418).

Further, while there has apparently been no case in this jurisdiction in which the defense was raised by an institution such as the defendant college herein, there have been instances in which the doctrine of prior public use has been held unavailable to landowners who lacked the power of eminent domain, notwithstanding that they performed functions beneficial to the public (*Matter of New York, Lackawanna & Western R. R. Co.*, 99 N. Y. 12, *supra*; *Matter of New York Cent. & Hudson Riv. R. R. Co.* v. *Metropolitan Gas-Light Co.*, 63 N. Y. 326; *Matter of Board of Street Opening, etc., of City of N. Y.*, 133 N. Y. 329).

The teaching of the cases is clear. The doctrine of prior public use does not clothe the court with power to weigh the communal benefit of the proposed use against the present use of property sought to be condemned. It is, rather, a rule of law limited to controversies between two corporations, each possessing a delegated, general power of eminent domain. When one such condemnor seeks to appropriate land already held by another, the court, of necessity, must solve the question of priority. When the resisting landowner, however, possesses no such power, that question does not arise.

Thus, contrary to the determination made at Special Term and urged upon us by the defendant Pace College and by the Association of Colleges and Universities of the State of New York, in their role as *amicus curiæ,* we are persuaded that it is no defense to plaintiff's petition that Pace College performs an admittedly useful service to the community and one in which the public has such vital interest that the State undertakes to regulate and control closely those institutions which engage therein.

Nor do we find it persuasive that the State, in order to encourage and assist the development of private educational institutions such as Pace College, has conferred upon them an exemption from the operation of certain tax laws (see, e.g., *Matter of Pace Coll.* v. *Boyland,* 4 N Y 2d 528). The fallacy of the argument urged upon us that an educational corporation receives such an exemption upon the principle of nontaxation of public places and as a '' *quid pro quo* '' for the institution's performance of a public function has been demonstrated elsewhere (*People ex rel. Clarkson Mem. Coll.* v. *Haggett,* 274 App. Div. 732, affd. 300 N. Y. 595).

We are referred to several holdings which, it is argued, indicate that the concept of '' public use '' has been liberalized and expanded in recent years. The cases cited in this regard, of which the leading decision is *Matter of New York City Housing Auth.* v. *Muller* (270 N. Y. 333), are all instances in which the court was required to determine whether the condemnor's proposed use of the property was a public use. For example, the *Housing Authority* case (*supra*) involved an application to condemn property in order to clear a slum area and to erect, in its stead, decent housing for persons of low income. The holding recognized that projects of this nature, although they incidentally benefit private interests (i.e., the limited class of persons whose income makes them eligible for tenancy therein), have as their essential purpose the protection of the entire public from the menace of slums, and therefore, a taking for such purpose is a taking for a public use. Such decisions do not affect the principle of law determinative of this appeal and are no more in point than the decisions from other jurisdictions cited in the brief of the Association of Colleges, holding that a legislature may confer a power of condemnation on private institutions of higher learning (*University of Southern Cal.* v. *Robbins,* 1 Cal. App. 2d 523, cert. den. 295 U. S. 738; cf., *Connecticut Col. for Women* v. *Calvert,* 87 Conn. 421). Whether the State of New York could delegate a general power of condemnation to Pace or like institutions is not in issue. The

fact is that the Legislature has not done so, and this, in our opinion, is determinative of the present appeal.

Accordingly, the judgment appealed from should be reversed, with $10 costs and disbursements, payable by respondent Pace College, and the motion of the plaintiff Board of Education to dismiss the separate defense set forth in the defendant's answer granted.

BENJAMIN, J. (concurring in the result). I agree that on the facts in this case the judgment dismissing plaintiff's petition to condemn the subject property should be reversed and plaintiff's motion to dismiss the defense of prior public use should be granted.

However, I am loath to adopt the absolutist stand (taken by my colleagues) that in no case do we have power to weigh the public benefit of the proposed use against the present use of the property, merely because the condemnee lacks the power of eminent domain. It is undisputed that we can and must do so if both condemnor and condemnee have the power of eminent domain. And it is clear that we can interfere with and prevent any excessive taking of land upon a showing of bad faith or palpable unreasonableness (see 1 Nichols, Eminent Domain, § 4.11 [2], p. 554; *Cuglar* v. *Power Auth.*, 4 Misc 2d 879, 895–898, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006).

There appears to be no logical reason, since we have the legal right, on a proper showing, to prevent a quantitatively excessive taking, why we may not likewise act with respect to a qualitatively excessive taking. It appears inconceivable to me that in the event a local authority, acting however irresponsibly, were to decide to take a great voluntary hospital for a public purpose such as a local school, park, playground or parking lot, that we would be powerless to prevent such a wanton, excessive use of authority. While in the instant case I agree that upon the facts the claim of Pace College is subordinate to that of the local school board, I would be unwilling to arrive at the same result were this taking to be of substantial portions of college campuses actually in operation, so as to interfere with such private colleges in our State as Vassar, Columbia, New York University, Cornell, or any of the other institutions of higher learning which are so essential to the public needs of our State, and indeed of the Nation.

Whim and caprice of the local authorities of the City of Rochester, for instance, should hardly be effective to decide that Rochester University should be turned into a public park; nor should Ithaca be allowed to decide that it would prefer a complex

of public schools where Cornell University now stands. While the process of *reductio ad absurdum* may be answered by the argument that such eventualities are too fantastic to be considered realistically, the principle involved is whether, in the event irresponsible local authority should act so adversely to the public interest in an abuse of power as to legislate such an excessive taking qualitatively, we would be impotent to deal effectively with such an abuse.

It does not appear to be essential to the result arrived at by my colleagues, in which I concur in this case, that we engage in such total renunciation of judicial authority. I concur, therefore, merely in the result.

HILL, RABIN and HOPKINS, JJ., concur with CHRIST, Acting P. J.; BENJAMIN, J., concurs in result, with separate opinion.

Judgment of the Supreme Court, Westchester County, entered June 27, 1966, reversed, with $10 costs and disbursements payable by respondent Pace College, and plaintiff's motion to dismiss the defense granted.