Howard T. Hogan, J.
In this proceeding in eminent domain, the County of Nassau has purportedly acquired portions of four parcels of property in connection with the realignment of Mill *818 Eoad in the area of Woodmere and Valley Stream, Nassau County, New York. Title vested May 14,1964.
These parcels had formed a portion of the watershed area of the owner and claimant, the City of New York. Each of the parcels was the subject of a 1953 easement agreement granted by the City of New York to the Incorporated Village of Valley Stream. This agreement provided that the city granted a surface easement for park purposes only and provided for a reverter in the event the property should ‘ ‘ cease to be used for such purpose.”
The city asserts several points in opposition to the taking and to the county’s estimate of damage. First, it contends that land designated for park purposes may not be altered in use without enabling legislation and that property devoted to a public use may not be taken for another public use. The county agrees with this basic contention but contends that circumstances exist which required speedy action in acquiring the land to remedy a dangerous condition in the highway as it existed prior to the realignment. There is, however, little proof in the record to support such position. However, the court is personally familiar with the prior narrow and tortuous condition of Mill Eoad as it existed before the taking. The county’s contention that the road widening is not inconsistent with the park usage of the subject property is untenable. This is not realignment of a road which services the park exclusively. A road within a park could conceivably be realigned consistently with the use of the park. Here, however, the road is on the periphery of the park and constitutes an ordinary highway. The construction of a road and the periphery of the subject parcel are inconsistent with its use as a park, and thus, it cannot be condemned without legislative authority. (New York Cent. & Hudson Riv. R. R. Co. v. City of Buffalo, 200 N. Y. 113, 117.)
In a companion case to the one. at bar (64 Misc 2d 98), the court found that such legislative intent was present by implication since a special statute was enacted specifically alluding to the acquisition by Nassau County of lands subject to easement of the Long Island State Park Commission. In the case at bar there is no statute which has been pointed to by the county which permits the acquisition of the subject lands either expressly or by necessary implication.
However, the city did not raise this question until the trial, six years after this court signed an order granting the county’s application to condemn. The city did not then question the right of the county to acquire this property without special legislation.
*819 Since that time, and relying on the order of this court, the county has entered into the property and has long ago completed the construction of the new roadbed. The acquisition covered an approximate total of 26,700 square feet out of 761,700 square feet, or slightly more than one-half acre from a parcel containing some 17 acres.
Taking into consideration the relatively small area taken, the situation sought to be corrected, the great delay by claimant in raising the issue, and the change of position by the county predicated upon the unopposed order of vesting, the court overrules the claimant’s objections to this taking.
With respect to valuation, the court granted claimant’s motion to strike petitioner’s comparable sales when the county’s expert witness admitted that the sales were not truly comparable and that he did not rely upon them.
Petitioner’s comparables, however, are of dubious worth. Not only are they sales of lands located in prime commercial areas, but they are zoned for different purposes than the “ public purpose ” zoning of the subject property. In addition, the claimant’s expert did not consider the easement for park purposes which burdened the property at the time of vesting.
He found a unit value of $3 per square foot for Parcel No. 99 and $6 for Parcels 102 and 102-A. The damage for Parcel 80 was valued at $500, which the petitioner accepted at trial.
Based upon this record, the court is constrained to accept petitioner’s values as value if the property were zoned for commercial usage and if the easement were extinguished.
Insofar as the easement is concerned, the city introduced testimony to the effect that it had paid taxes on the subject property in contravention of the terms of the easement agreement. Even if that were the case, however, such violation would not effect a reverter of the easement to the city, since the agreement provides that, in the event taxes and assessments are levied against the property, the grantee (Village of Valley Stream) shall reimburse the city.
Petitioner’s experts estimated a 90% depreciation in value due to the zoning of the property for “public purpose ” and the existing easement agreement which limits the use to park purposes. The court finds that such factor is reasonable and that the remaining values of each parcel represent 10% of their value for commercial usage.
Accordingly, based upon the testimony, the exhibits, the appraisals and the court having viewed the property, the court finds and awards as follows:
*820 DAMAGE PARCEL 80:
As per claimant’s appraisal
VALUE BEFORE........... $1,500.00
VALUE AFTER........... 1,000.00
DAMAGES .............. $ 500.00
All damages are direct damage
DAMAGE PARCEL 102:
VALUE BEFORE
703,900 square feet at $.60 per square foot $422,340.00
VALUE AFTER
689,619.60 square feet at $.60 per square foot 414,194.10
damage ................... $ 8,145.90 rounded to $8,146
All damages are direct
DAMAGE PARCEL 102A:
VALUE BEFORE
703,900 square feet at $.60 per square foot $422,340.00
VALUE AFTER
698,479.20 square feet at $.60 per square foot 419,087.52
damage ................... $ 3,252.48 rounded to $3,253
All damages are direct
DAMAGE PARCEL 99 :
VALUE BEFORE
50,440 square feet at $.30 per square foot $ 15,132.00
VALUE AFTER
46,637 square feet at $.30 per square foot 13,991.10
damage ................... $ 1,140.90 rounded to $1,141
All damages are direct