■ TENNECO, INC., Respondent, v CENTRAL NEW YORK RAILROAD CORPO- RATION, Appellant.—Order unanimously affirmed, with costs. Memorandum: Special Term, in granting plaintiff's motion to dismiss affirmative defenses contained in defendant's answer, properly determined their lack of merit. Defendant's first affirmative defense, alleging plaintiff's lack of authority to condemn property which is being used for public purpose, cannot be sus- tained. It is a generally acknowledged principle that lands taken by condem- nation or acquired by purchase for public use should not be taken for another public use unless the reasons therefor are special, unusual and peculiar. Nevertheless, decisional interpretation clearly indicates limitation of the doctrine to those situations where such other public use would interfere with or destroy the public use first acquired *(New York Cent. & Hudson Riv. R. R. Co. v City of Buffalo,* 200 NY 113, 117–118; *County of Delaware v Walton Water Co.,* 9 AD2d 16). Here plaintiff's use is compatible with defendant's use, without destructive interference therewith. Defend- ant's subsidiary contention concerning State and Federal statutory requisite of proof of unavailing endeavors to negotiate a settlement, not having been previously raised at Special Term, is not here properly to be considered. Nor is there merit to defendant's contention that the condemnation sought would result in an "abandonment" of its property in contravention of subdivision (18) of section 1 of the Interstate Commerce Act (US Code, tit 49, § 1, subd [18]). The "abandonment" contemplated under the provisions of said section relates to discontinuance of service or extended disuse of operating facilities without an intention to reinstate service *(City of Alexan- dria v Chicago, Rock Is. & Pacific Ry. Co.,* 311 F2d 7, 9–10, mot for rehearing den 321 F2d 822; see, generally, *Railroad Comm. v Southern Pacific Co.,* 264 US 331, 344–346; *Interstate Commerce Comm. v Memphis Union Sta. Co.,* 230 F Supp 456, affd 360 F2d 44, cert den *sub nom. Louisville & Nashville R. R. Co. v Interstate Commerce Comm.,* 385 US 830). The court-ordered easement here sought by condemnation will result in neither a limitation nor discontinuance of service by defendant in its use of the subject property. (Appeal from order of Oneida Supreme Court in condemnation proceeding.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.