■ In the Matter of NORTHEAST PARENT & CHILD SOCIETY, INC., Petitioner, v CITY OF SCHENECTADY INDUSTRIAL DEVELOPMENT AGENCY, Respondent.—Levine, J. Proceeding initiated in this court pursuant to EDPL 207 to review a determination of respondent to condemn petitioner's land.

Petitioner purchased the Grout Park School from the City of Schenectady School Board on January 11, 1985. However, respondent had previously targeted the school as a prime industrial development site for Oxygen Enrichment Company, Ltd. (OE Co.), an industrial concern the City desired to retain in the community. To that end zoning changes were enacted and a special use permit was granted for the area. OE Co. initially outbid petitioner for the purchase of the building, but was unable to meet the School Board's sale terms. Thereafter, respondent decided to purchase the building and to rent it to OE Co. and other businesses. Petitioner and the School Board were notified of this plan but nevertheless went through with the sale. Accordingly, when the sale to petitioner was consummated, respondent began condemnation proceedings to acquire

the property. A public hearing was held concerning the proposed taking, and findings were made relative to the site and the economic, environmental and social impacts of the intended use of the property. Petitioner challenges these findings, asserting that (1) respondent exceeded its statutory authority since the sole purpose of the taking is to benefit a private concern; (2) the use of public funds to move OE Co. to a new location violates General Municipal Law § 862; and (3) respondent failed to comply with EDPL 204 (B) in making its findings.

We disagree with these contentions. Respondent is authorized by statute to exercise the State's eminent domain powers (General Municipal Law §§ 858, 903-e), and pursuant to EDPL 204 (B) (1), the taking of the Grout Park School was a permissible condemnation of property for a public use. Respondent's intent was to increase Schenectady's tax base and diversify its economy and it was acting in accordance with its statutory responsibility to promote the City's economic welfare (General Municipal Law § 852). The school was the only site in Schenectady available for immediate industrial occupancy without the need for structural repairs, and it is strategically located near major thoroughfares. The incidental benefit conferred on OE Co. by respondent's establishment of an industrial site there does not vitiate the public purpose of the taking (Yonkers Community Dev. Agency v Morris, 37 NY2d 478, 482; Matter of Terrace W. v City of Plattsburgh, 73 AD2d 763, appeal dismissed 49 NY2d 916, cert denied 459 US 1088).

We similarly reject petitioner's contention that respondent's financial assistance in relocating OE Co. violates General Municipal Law § 862. That section only prohibits an industrial development agency from spending funds to relocate an industry "from one area of the state to another area of the state" (id.). It was intended to prevent municipalities from pirating each other's industries (see, Executive Department Memorandum, 1969 McKinney's Session Laws, ch 1030, at 1634-1643; Governor's Bill Jacket, L 1969, ch 1030, at 2, 20-23). Here, where the relocation will be within the municipality, the statute is not contravened.

Our holding herein, that the taking was for a valid public use, effectively disposes of all petitioner's objections that respondent failed to comply with EDPL 204 (B) except that addressed to the requirement of a specific statement of the environmental impact of the project. However, respondent's determination that no significant impact on the environment

would occur as a result of the proposed condemnation is replete with findings concerning various environmental aspects of the project. In this respect it was fully supported by extensive empirical data, previously compiled in an environmental impact statement and an environmental assessment form prepared by the Schenectady City Council and OE Co., respectively, in conjunction with the rezoning of the area. Nothing further was required of respondent under ECL regulations. Since the proposed project is neither a Type I action, as defined by the regulations (6 NYCRR 617.12), nor a Type II action (6 NYCRR 617.13), it was therefore an unlisted action. As such, respondent was authorized to designate itself the lead agency and make a finding of nonimpact (6 NYCRR 617.7). There is no reason to upset that finding as it is supported by substantial evidence in the record (see, Matter of Environmental Defense Fund v Flacke, 96 AD2d 862).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.