■ In the Matter of the VILLAGE OF MIDDLEBURGH, Relative to the Acquisition of Real Property For the Use and Benefit of the MIDDLEBURGH SEWER DISTRICT. VILLAGE OF MIDDLEBURGH, Respondent; MIDDLEBURGH CENTRAL SCHOOL DISTRICT, Appellant.—Weiss, J. Appeal from an order of the Supreme Court at Trial Term (Hughes, J.), entered April 16, 1985, in Schoharie County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to EDPL 402, to condemn a part of respondent's land.

Petitioner commenced this proceeding under EDPL 402 to acquire property owned by respondent for purposes of constructing a wastewater treatment facility. The proposed site is located at the southerly end of respondent's 19-acre school campus, approximately 1,000 feet from the school building, and is presently undeveloped. In its amended answer, respondent raised seven affirmative defenses, the first five of which have previously been dismissed and are not at issue.

The instant appeal focuses mainly on the sixth affirmative defense, in which respondent asserts that petitioner lacked authority to condemn the proposed site since it was already

devoted to a public use. As noted by Trial Term, the pertinent rule is that land devoted to a public use may be condemned for another public use only if the new use would not materially interfere with the initial use *(Long Is. R. R. Co. v Long Is. Light. Co.,* 103 AD2d 156, 166, *affd* 64 NY2d 1088). Following a trial held to determine the impact of the proposed water treatment facility on the use of the remaining property for school purposes, Trial Term concluded that despite the potential for occasional "unpleasant odors", the facility would not substantially impair the present school operation. The court also dismissed respondent's seventh affirmative defense claiming that petitioner failed to properly consider the environmental impact of the proposed project and neglected to prepare an environmental impact statement *(see,* ECL 8-0109 [1], [2]; 6 NYCRR part 617).

At the outset, we note that the proposed taking is clearly a valid public use and, as respondent concedes, its own sewage septic system is in need of renovation and would benefit from a new waste treatment facility. Thus, the issue presented is not public purpose but the location chosen for the proposed facility.

On this appeal, respondent maintains that the noxious odors generated by the treatment process, the threat of contamination from flooding and the limitation on future expansion occasioned by the facility will create a substantial interference with the continued operation of the school. We disagree. Petitioner's engineer testified that the oxidation process designed for the facility would essentially be odor free. He further opined that the facility would be compatible with and not impair the use of the remaining school lands and was the best available site. This testimony was essentially unrefuted except for testimony on behalf of respondent that a similar facility at another school created occasional odor problems. Further, when it became apparent that the proposed site was within the floodplain of the adjacent Schoharie Creek, the facility was specifically redesigned to provide protection against potential flooding. Although respondent asserted that the proposed site was to be utilized as a softball field, no definite plans to develop the area were presented. Based on the foregoing, we find ample basis for Trial Term's determination that the facility would have a minimal effect on the present school operations.

We further note that the record substantiates that the potential environmental impact of the project was thoroughly considered in the selection of the proposed site among the

various alternative locations and in the design of the facility. Moreover, the Federal Environmental Protection Agency has determined that no significant adverse environmental impact would result from the project and petitioner has obtained the necessary construction and operation permits from the State Department of Environmental Conservation (see, ECL, art 17, tits 7, 8). Consequently, respondent's seventh affirmative defense was properly dismissed (see, Matter of Northeast Parent & Child Socy. v City of Schenectady Indus. Dev. Agency, 114 AD2d 741).

Order affirmed, without costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.