# In the Matter of TOWN OF RIGA, Petitioner, v COUNTY OF MONROE, Respondent.

Fourth Department, April 26, 1991

### APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (A. Paul Britton* of counsel), for petitioner.

*Boylan, Brown, Code, Fowler, Randall & Wilson (Richard Palumbo* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J. P.

This is an original proceeding pursuant to EDPL 207 commenced by the Town of Riga (Town). In its petition, the Town seeks judicial review of the determination and findings by respondent County of Monroe (County), adopted November 7, 1990, to condemn the Town's interests in a section of Brew Road for its use in connection with the construction and operation of a proposed landfill.

The Town contends: (1) the County lacks authority to condemn the Town's fee interest in Brew Road because the road is currently being used for a public purpose; (2) the Town has a statutory right of reversion to the road which the County cannot extinguish by condemnation; and (3) the County's determination and findings do not comply with EDPL 204 (B) (2).

This dispute centers around an 850-foot section of Brew Road in the Town of Riga which the County seeks to condemn as part of its construction of a landfill in the Town known as the Mill Seat Landfill. The Town obtained fee title to this section of Brew Road in 1937. It is undisputed that in 1945,

the Town surrendered its right to use this section of the road to the County for use as part of the County highway system.

In 1979, after considering some 280 sites within its borders, the County selected nine possible landfill sites. Thereafter, the County chose the site on Brew Road because of various sociological and economic factors. That section of the road at issue lies partly within the proposed landfill site. The County, as lead agency, completed a State Environmental Quality Review Act (SEQRA) review in June 1989 which was the subject of a prior appeal (see, Residents of Bergen Believe in Envt. & Democracy v County of Monroe, 159 AD2d 81, appeal dismissed 76 NY2d 936). Since then, the County has proposed to undertake two separate statutory procedures in order to develop the landfill at the Mill Seat site, to wit: (1) acquisition, pursuant to EDPL article 2, of the Town's fee interest in the section of Brew Road which lies partly within the proposed landfill footprint; and (2) realignment of Brew Road, pursuant to Highway Law §§ 131-b and 118, after the County has (a) obtained all necessary governmental permits and approvals to construct and operate the landfill and (b) exercised its options to purchase land in the vicinity.

■ We reject the Town's claim that the County lacks authority to condemn the Town's interest because that section of the road is already being used for a public purpose. It is true that under the prior public use doctrine, property already devoted to public use can only be condemned by special legislative authority "clearly expressed or necessarily implied" (Buffalo Sewer Auth. v Town of Cheektowaga, 20 NY2d 47, 53; New York Cent. & Hudson Riv. R. R. Co. v City of Buffalo, 200 NY 113, 117) or "where the new use would not materially interfere with the initial use" (Matter of Village of Middleburgh, 120 AD2d 830, 831; Long Is. R. R. Co. v Long Is. Light. Co., 103 AD2d 156, 166, affd 64 NY2d 1088). The prior public use doctrine does not prohibit the proposed condemnation where, as here, the County does not intend to terminate, close or abandon Brew Road but merely realign it some 450 feet to the east, thereby lengthening it by 400 feet. Thus, the County's proposed acquisition of the Town's fee interest therein will not materially interfere with the prior public use (Long Is. R. R. Co. v Long Is. Light. Co., supra, at 166). Furthermore, because the land proposed to be acquired is not indispensable for the Town's present or future purpose (since it surrendered it to the County for the latter's highway system) and is critical to the development of the much needed landfill,

the prior public use doctrine does not apply *(Matter of New York Cent. & Hudson Riv. R. R. Co. v Metropolitan Gaslight Co.,* 63 NY 326, 334-335).

Even if the Town could invoke the prior public use doctrine, such invocation should yield to the "greater public need" *(Matter of City of Rochester v Rochester Gas & Elec. Corp.,* 54 Misc 2d 855, 859) for a new County landfill, particularly because of the " 'special, unusual and peculiar' " circumstances *(Matter of City of Rochester v Rochester Gas & Elec. Corp., supra,* at 856-857) presented by the solid waste management crisis. The Legislature has expressly designated counties as the exclusive solid waste planning units to study and manage the municipal solid waste streams within their borders (ECL 27-0107).

■ The Town maintains that Highway Law § 115-b confers upon it a right of reversion to the County's Brew Road right-of-way. While the Highway Law may confer such an interest, this provision is not applicable here. Since the County does not intend to remove Brew Road from its highway system, but merely realign it to the east pursuant to Highway Law §§ 131-b, 118 and 102, the road does not revert to the Town under Highway Law § 115-b. Clearly, once the County implements its plan to realign and improve Brew Road, it will have altered, not abandoned, this County highway. This is not tantamount to an abandonment of the right-of-way such that it reverts to the Town *(see, Tenneco, Inc. v Central N. Y. R. R. Corp.,* 51 AD2d 676).

■ Finally, in our view, there is no merit to the Town's contention that the County's determination and findings do not comply with the provisions of EDPL 204 (B) (2) requiring specification by the condemnor of "the approximate location for the * * * project and the reasons for the selection of that location". The determination and findings specifically and explicitly incorporate by reference the County's final environmental impact statement (FEIS) and final supplemental environmental impact statement (FSEIS) *(see, Pizzuti v Metropolitan Tr. Auth.,* 67 NY2d 1039, 1040-1041; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417-418). The SEQRA findings in those studies explicitly state that "the site for the landfill is a 560-acre tract on Brew and O'Brien Roads in the Town of Riga" and that the site was elected only "after a detailed county-wide comprehensive process * * * identified and evaluated a complete range of alternative sites" and concluded that "the selected site is the most appropriate site".

Thus, the County's determination and findings fully satisfy the requirements of EDPL 204 (B) (2) *(see, Matter of Wechsler v New York State Dept. of Envtl. Conservation,* 76 NY2d 923, 927; *First Broadcasting Corp. v City of Syracuse,* 78 AD2d 490, 496, *appeal dismissed* 53 NY2d 939).* Moreover, a condemnation proceeding brought pursuant to EDPL 207 may not be used to relitigate fundamental siting and SEQRA issues *(Pizzuti v Metropolitan Tr. Auth., supra,* at 1040; *First Broadcasting Corp. v City of Syracuse, supra),* particularly where, as here, the County's determinations are neither arbitrary nor unreasonable *(Matter of Neptune Assocs. v Consolidated Edison Co.,* 125 AD2d 473, 475; *Matter of City of Syracuse v Eastman,* 230 App Div 522, 523).

Accordingly, the County's determination and findings should be confirmed and the petition should be dismissed.

DOERR, GREEN, BALIO and LOWERY, JJ., concur.

Determination unanimously confirmed, without costs, and petition dismissed.