■ In the Matter of BERGEN SWAMP PRESERVATION SOCIETY, Petitioner, v VILLAGE OF BERGEN, Respondent. [741 NYS2d 363] —Original proceeding pursuant to section 207 of the Eminent Domain Procedure Law seeking review of a determination of respondent to acquire by condemnation easements from property owners to construct and maintain a subtransmission line.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this original proceeding seeking review of a determination of respondent, the Village of Bergen (Village), to acquire by condemnation 50-foot easements from property owners, including petitioner, on West Sweden Road in the Towns of Sweden and Bergen to construct and maintain a 5.31-mile subtransmission line. The Village determined that the condemnation would result in a public benefit, i.e., providing additional electrical power to residents of the Village, including at least one large commercial concern.

When reviewing the determination of a municipality to

exercise its power of eminent domain, we must determine whether "a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207 [C] [4]). The determination must be confirmed if " 'the exercise of the eminent domain power is rationally related to a conceivable public purpose' " (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 425; *see also Matter of Ranauro v Town of Owasco*, 289 AD2d 1089). Here, the assurance of an adequate supply of electrical power to meet the present needs of the Village and to allow for future development is a public purpose sufficient to support its exercise of the power of eminent domain. The fact that large commercial concerns will also benefit does not "invalidate an agency's determination so long as the public purpose is dominant" (*Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 721; *see also Sunrise Props. v Jamestown Urban Renewal Agency*, 206 AD2d 913, *lv denied* 84 NY2d 809).

Petitioner contends that the Village lacks authority to condemn its property because the power to condemn land does not extend to land that is already devoted to a public purpose (*see Buffalo Sewer Auth. v Town of Cheektowaga*, 20 NY2d 47, 52-53). We reject that contention. The prior public use doctrine does not apply " 'where the new use would not materially interfere with the initial use' " (*Matter of Town of Riga v County of Monroe*, 166 AD2d 39, 41, *lv dismissed* 78 NY2d 951, *lv denied* 78 NY2d 862, quoting *Matter of Village of Middleburg*, 120 AD2d 830, 831). Here, the record establishes that a subtransmission line along an existing right-of-way on petitioner's property would not materially interfere with the initial public use of petitioner's property.

We have examined petitioner's remaining contentions, including petitioner's contentions that the Village failed to comply with the procedural and substantive requirements of the State Environmental Quality Review Act (ECL art 8), and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.