Matter of City of New York v Yonkers Indus. Dev. Agency (2019 NY Slip Op 02087)





Matter of City of New York v Yonkers Indus. Dev. Agency


2019 NY Slip Op 02087


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-00598

[*1]In the Matter of City of New York, et al., petitioners,
v
Yonkers Industrial Development Agency, respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Rochelle Cohen, Michael Chestnov, Deborah R. Kerzhner, and Peter Schikler of counsel), for petitioner City of New York, and Thomas J. Quigley, New York, NY (Anthony P. Semancik of counsel), for petitioners Metropolitan Transportation Authority and MTA Bus Company (one brief filed).
Pauline M. Galvin, Yonkers, NY, Andreycak & Laidlaw, P.C., Mount Kisco, NY (P. Daniel Hollis III and Shamberg Marwell Hollis of counsel), and Harris Beach PLLC, White Plains, NY (John A. Mancuso, Joseph D. Picciotti, and Allison B. Fiut of counsel), for respondent (one brief filed).



DECISION & JUDGMENT
Proceeding pursuant to EDPL 207 to review a determination of the City of Yonkers Industrial Development Agency dated November 28, 2017, made after a public hearing, authorizing the taking of certain real property by eminent domain.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, and the determination is rejected.
The petitioner City of New York (hereinafter the City) is the owner of an improved 3.64-acre parcel of real property located at 59 Babcock Place in the City of Yonkers, adjacent to the Hudson River waterfront. The subject parcel is occupied by the petitioners Metropolitan Transportation Authority (hereinafter the MTA) and the MTA Bus Company pursuant to a letter agreement with the City and is used as a bus depot. On March 29, 2017, the City of Yonkers Industrial Development Agency (hereinafter the Agency) adopted a resolution to commence condemnation of the subject parcel for the purpose of "returning the underutilized Parcel[ ] to productive use" in furtherance of the Alexander Street Urban Renewal Plan and the Alexander Street Master Plan. After a public hearing and submission of comments, the Agency issued a determination and findings in which it resolved to condemn the City's fee interest in the subject parcel, but to exclude the MTA's leasehold interest from condemnation. The petitioners commenced this proceeding pursuant to EDPL 207 to review the determination.
In reviewing a municipality's determination to exercise its power of eminent domain, this Court must determine whether "a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207[C][4]; see Matter of 10 Garvies Point Rd. Corp. v Glen Cove Indus. Dev. Agency, 28 AD3d 569). "What qualifies as a public purpose' or public use' is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility or advantage" (Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d 168, 181 [internal quotation [*2]marks omitted], affd 13 NY3d 511; see Vitucci v New York City School Constr. Auth., 289 AD2d 479, 480; Greenwich Assoc. v Metropolitan Transp. Auth., 152 AD2d 216, 219). This includes any use "which contributes to the health, safety, general welfare, convenience or prosperity of the community'" (Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d at 181, quoting Greenwich Assoc. v Metropolitan Transp. Auth., 152 AD2d at 221), including to stimulate the local economy, create jobs, and provide infrastructure (see Vitucci v New York City School Constr. Auth., 289 AD2d at 481). "A property owner seeking to challenge a municipality's finding that a proposed condemnation will further a public use has the burden of establishing that the determination does not rationally relate to a conceivable public purpose" (Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272, affd 12 NY3d 735; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425; Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d at 181).
Here, the petitioners failed to establish that the proposed condemnation does not rationally relate to a conceivable public purpose (see Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d at 181). The Agency's taking of the subject parcel in furtherance of urban renewal and to increase the economic viability and tax base of the City of Yonkers are legitimate public purposes sufficient to support the proposed condemnation (see Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1351; Matter of Goldstein v New York State Urban Dev. Corp, 64 AD3d at 181; Vitucci v New York City School Constr. Auth., 289 AD2d at 480).
Contrary to the petitioners' contention, the Agency substantially complied with the procedural requirements of EDPL 202(A) and 203 by conducting a public hearing, which the petitioners attended and at which they were given the opportunity to present written and oral statements concerning the Agency's acquisition of the property (see Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d at 185-186; Matter of Legal Aid Socy. of Schenectady County v City of Schenectady, 78 AD2d 933, 933-934).
However, we agree with the petitioners that the proposed condemnation is prohibited under the doctrine of prior public use. Under the doctrine of prior public use, land already devoted to a public use may not be condemned absent legislative authority for the particular acquisition at issue (see Buffalo Sewer Auth. v Town of Cheektowaga, 20 NY2d 47, 53; New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo, 200 NY 113, 117-118; Matter of Board of Educ., Union Free School Dist. No. 2 v Pace Coll., 27 AD2d 87, 90). However, land already devoted to a public use may be condemned without legislative authority " where the new use would not materially interfere with the initial use'" (Matter of Town of Riga v County of Monroe, 166 AD2d 39, 41, quoting Matter of Village of Middleburgh, 120 AD2d 830, 831; see New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo, 200 NY at 117). The Agency does not contest that the subject parcel is devoted to a public use, or that there exists no legislative authority for the proposed condemnation (see e.g. Matter of City of New York, 226 NY 128, 135). Thus, the subject parcel may not be condemned unless the new use would not materially interfere with the existing public use (see New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo, 200 NY at 117).
The Agency's proposed condemnation of the subject parcel for the purpose of returning the parcel to productive use in furtherance of urban renewal would materially interfere with its existing public use as a bus depot. The Agency's attempt to circumvent the prior public use doctrine by purporting to limit its taking to the City's fee interest is unavailing. The proposed condemnation is permitted in the first instance because the Agency determined that the subject parcel is underutilized and that its redevelopment is necessary to remedy blight and advance redevelopment along the Hudson River waterfront area, not so that the MTA and the MTA Bus Company could continue to operate the bus depot thereon under different municipal ownership. Comments made by counsel for the Agency and Agency members at the November 28, 2017, public hearing, such as, "It's not a proper spot for them," "It closes off development," "it's undesirable," "We need to get this out of the way," and "It has to go if we want development to continue," further confirm that the Agency's intended use for the parcel would materially interfere with its use as a bus depot. Accordingly, the Agency's determination to condemn the subject parcel must be rejected.
In light of our conclusion, we need not reach the parties' remaining contentions.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court