OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Pursuant to the authority conferred by ECL 3-0305 (1), the Department of Environmental Conservation (DEC) determined to acquire, by eminent domain, a 1,067-acre parcel of land owned by petitioner, as well as petitioner’s exclusive hunting, fishing and trapping rights to an adjacent 1,800-acre parcel presently owned by the State. Both parcels are part of the Neversink River Gorge, which indisputably is an area of great natural beauty and ecological, as well as historical, significance. According to DEC, the acquisition is to be funded as a "unique area” preservation project under the Environmental Quality Bond Implementation Act of 1972 and, if necessary, the analogous provisions of the Bond Implementation Act of 1986 (L 1986, ch 511, codified at ECL art 52; L 1972, ch 658, codified at ECL art 51;
 
 see,
 
 ECL 51-0103 [3]; 51-0701 [3]; 51-0703 [4]; 52-0101 [4] [h];
 
 see also,
 
 ECL 52-0103 [2]; 52-0701 [3]; 6 NYCRR 591.9 [b] [2] [iii]). The decision to undertake the acquisition was made, after a public hearing
 
 (see,
 
 ECL art 8; EDPL art 2), on the ground that the acquisition would preserve and protect these lands of "natural beauty” and "unique character” and would allow for increased public access, consistent with the over-all goal of preservation.
 

 Petitioner brought the present proceeding under article 2 of the EDPL to challenge the DEC’s determination. The Appellate Division rejected each of his substantive and procedural arguments, including the contention that the acquisition deci
 
 *926
 
 sion exceeded the agency’s authority under the Bond Implementation Acts of 1972 and 1986. We agree that the agency did not exceed its authority and that petitioner’s various objections to the agency’s procedures do not warrant annulment of its determination.
 

 The DEC Commissioner has broad, statutorily conferred power to acquire real property by condemnation when money is "available” and "he deems [it] necessary for any of the purposes or functions of the department” (ECL 3-0305 [1];
 
 see, Matter of Bath & Hammondsport R. R. Co. v New York State Dept. of Envtl. Conservation,
 
 73 NY2d 434). Further, provided that it confines its condemnation activities to those that serve valid public purposes, DEC has wide latitude in determining what acquisitions are "necessary” to achieve the agency’s legislatively authorized goals
 
 (see, Matter of Waldo’s, Inc. v Village of Johnson City,
 
 74 NY2d 718).
 

 Petitioner’s contention that the planned acquisition exceeds DEC’s statutory authority is meritless. ECL 51-0701 (3) and 52-0103 (2) specifically authorize the expenditure of funds raised through the 1972 and 1986 bond issues for projects to preserve "unique” lands, a term of art defined as "lands of special natural beauty, wilderness character, geological, ecological or historical significance” (ECL 51-0703 [4]; 52-0101 [4] [h]). DEC’s decision to acquire petitioner’s property rights to preserve these parcels within the Neversink River Gorge unquestionably falls within this legislative grant of authority. That the acquisition may also incidentally serve other identified goals, such as increasing the public’s access to, and recreational use of, these lands does not detract from the propriety of the agency’s proposed use of "unique” area project funds to advance the primary goal of preservation. The wisdom of the agency’s choice to acquire the lands and easements in question is, of course, not an issue that is cognizable in this proceeding
 
 (see, Matter of Waldo’s, Inc. v Village of Johnson City, supra,
 
 at 720;
 
 Matter of Jackson v New York State Urban Dev. Corp.,
 
 67 NY2d 400, 418, 425).
 

 Nor is DEC’s authority to make the planned acquisition undermined by the fact that the land is not to be added to the State Nature and Historical Preserve. Contrary to the argument of the dissenters in the court below, the properties that may be added to the constitutionally created Nature and Historic Preserve are limited, by definition, to those lands of special natural beauty and wilderness character that are "outside the forest preserve counties” (NY Const, art XIV,
 
 *927
 
 § 4). Lands such as those at issue here, which are
 
 within
 
 a forest preserve county, cannot be added to the Preserve as "unique” areas of special natural beauty and wilderness character, but may nevertheless be acquired under the cognate statutory provision for the acquisition of "similar lands within a forest preserve county” (ECL 51-0703 [4]; 52-0101 [4] [h]).
 

 Petitioner’s objections to the procedures used by the agency under EDPL article 2, are equally unavailing. As was noted by the court below, the DEC’s determination was published within 90 days after the public hearing record was closed for further comment and was therefore timely under EDPL 204 (A). Further, although there were apparently some gaps and omissions in the official public hearing record, the claimed imperfections were de minimis and, in any event, do not furnish a basis for overturning the agency determination, since the allegedly omitted written material was also presented orally at the public hearing and was, consequently, included in the hearing transcript. Finally, EDPL 202 (A) and 203 require only that the condemnor set forth the "proposed location of the public project” in the public hearing notice, and EDPL 204 (B) (2) requires only that the "approximate location” of the project be specified in the ensuing determination.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.