■ In the Matter of PHILGER REALTY CORP., Appellant, v TOWN BOARD OF THE TOWN OF EAST HAMPTON, Respondent. [692 NYS2d 455] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of East Hampton dated June 6, 1997, which, after a hearing, adopted Resolution No. 558, promulgating Local Laws 1997, No. 20 of the Town of East Hampton, which changed the use district classifications of 120 parcels of land throughout the Town of East Hampton, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), dated June 16, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent's adoption of a resolution rezoning property throughout the Town of East Hampton (hereinafter the Town) effectively reduced the amount of future development upon the rezoned lands. The petitioner's contention that the respondent failed to comply with the requirements of the State Environmental Quality Review Act (hereinafter SEQRA) (*see,* ECL art 8) in adopting this resolution is without merit. SEQRA requires that agencies "minimize or avoid adverse environmental effects" when considering proposed actions (ECL 8-0109; 6 NYCRR part 617).

In the Environmental Assessment Forms prepared by the Planning Board of the Town in connection with the proposed

zoning amendments, no adverse environmental effects were identified. Under the circumstances of this case, where the proposed action would have only beneficial environmental effects, the respondent's issuance of a negative declaration was appropriate and an Environmental Impact Statement was unnecessary (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 688; *Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 530).

Furthermore, the respondent identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration for the basis of its determination (*see,* 6 NYCRR 617.6; *Matter of Har Enters. v Town of Brookhaven, supra*). Its actions leading to the adoption of the zoning amendment were not arbitrary or capricious and the determination was supported by substantial evidence (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia, supra; Matter of Har Enters. v Town of Brookhaven, supra*). Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.