■ In the Matter of MAUREEN McCARTHY et al., Petitioners, v TOWN OF SMITHTOWN, Respondent. [797 NYS2d 555]—

Proceeding pursuant to EDPL 207 to review a determination of the Town of Smithtown dated June 29, 2004, made after a public hearing, to acquire a parcel of real property for the purpose of widening a road.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

The petitioners Maureen McCarthy, Elena Eritta, and Constance Gilman (hereinafter the individual petitioners) lack standing to bring this proceeding pursuant to the Eminent Domain Procedure Law (hereinafter EDPL). The individual petitioners, as noncondemnees, are entitled under EDPL 207 only to a properly-conducted hearing held on proper notice. Such a hearing was held, and therefore the individual petitioners have no assertable standing pursuant to the EDPL (see Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp., 84 NY2d 287, 295 [1994]). The petitioner, RRCB Realty Associates, LLC (hereinafter the petitioner), however, does have standing pursuant to the EDPL.

Nevertheless, the petitioner's contention that the Town of Smithtown (hereinafter the respondent) failed to comply with the requirements of the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) in adopting its findings and determination is without merit. SEQRA requires that agencies "minimize or avoid adverse environmental effects" when considering proposed actions (ECL 8-0109 [1]; see 6 NYCRR part 617). In the environmental assessment forms prepared in connection with the proposed condemnation, no adverse environmental affects were identified. Under the circumstances of this case, therefore, the respondent's issuance of a negative declaration was appropriate and an environmental impact statement was unnecessary (see Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton, 262 AD2d 564, 565 [1999]). Furthermore, the respondent identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for the determination (see Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 363-364 [1986]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.