WOODFIELD EQUITIES, L.L.C., Crossings Recovery Systems, Inc., d/b/a Crossing Recovery Centers, Crossings Recovery Residents, Inc., Crossings Addiction Management, Inc., and "John and Jane Does," No. 1 through No. 50, Plaintiffs–Appellants,

v.

INCORPORATED VILLAGE OF PATCHOGUE, Board of Trustees of the Village of Patchogue, Paul J. Pontieri, Jr., individually and in his official capacity as Mayor and Member of the Board of Trustees, Joseph E. Perry, individually and in his official capacity as Deputy Mayor and Member of the Board of Trustees, Peter Sarich, individually and in his official capacity as Senior Building Inspector, James M. Nudo, individually and in his official capacity as Building Inspector, Gerard J. Crean, Joseph P. Dean, John A. Krieger, Stephen J. McGiff, and Patricia M. Seal, individually and in their official capacities as Members of the Board of Trustees, and "John and Jane Does," No. 1 through No. 10, who are Village of Patchogue employees whose identities are not yet known and who are more particularly described in the complaint, Defendants–Appellees.

No. 05–1582–CV.

United States Court of Appeals, Second Circuit.

Nov. 30, 2005.

Eugene D. Berman, Fine, Fine & Berman, LLP (Scott J. Fine, on the brief), Melville, New York, for Plaintiffs–Appellants.

Stanley A. Camhi, Jaspan Schlesinger Hoffman LLP, Garden City, New York, for Defendants–Appellees.

PRESENT: WALKER, Chief Judge, FEINBERG, and CARDAMONE, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Woodfield Equities, L.L.C., and related entities ("Crossings") appeal from a February 24, 2005, order denying their request for a preliminary injunction (Thomas C. Platt, *Judge*) against defendants-appellees Village of Patchogue and its officers ("the Village"). *See Woodfield Equities, L.L.C. v. Inc. Village of Patchogue*, 357 F.Supp.2d 622 (E.D.N.Y.2005). The district court declined to issue a preliminary injunction to stop the Village from bringing condemnation proceedings against properties owned by Crossings and to be used as a "sober house" for recovering alcoholics. An interlocutory appeal to this court was made and is available from the denial of a preliminary injunction. 28 U.S.C. § 1292(a)(1). Familiarity with the facts and procedural posture of this case is assumed.

Plaintiffs contend that the Village's condemnation proceedings against the properties are the product of a discriminatory animus in violation of their rights under the federal Constitution and federal anti-discrimination laws. The gravamen of the plaintiffs' complaint is that the Village is intentionally discriminating against Crossings by seeking to condemn the Crossings properties because it does not want a rehabilitation center in the town.

We review the denial of a preliminary injunction for abuse of discretion. *See Carpenter Tech. Corp. v. City of Bridgeport*, 180 F.3d 93, 97 (2d Cir.1999). Because Crossings is seeking to enjoin governmental conduct taken in the public interest, Crossings must demonstrate: (1) irreparable harm in the absence of injunctive relief; and (2) a likelihood of success on the merits. *See Mony*

*Group, Inc. v. Highfields Capital Mgmt. L.P.,* 368 F.3d 138, 143 (2d Cir.2004); *Carpenter Tech. Corp.,* 180 F.3d at 98. A district court abuses its discretion when its decision rests on an error of law or a clearly erroneous finding of fact. *Mony Group,* 368 F.3d at 143–44.

The district court did not abuse its discretion in denying Crossings a preliminary injunction. Crossings has filed an action with the New York Supreme Court, Appellate Division, challenging the Village's condemnation proceeding. The Appellate Division has issued a stay, which will remain in place until it renders its decision on the merits. Thus, at this point in time, the Village is prohibited from condemning the property. Crossings therefore cannot demonstrate irreparable harm in the absence of injunctive relief since the proceedings have been stayed. If and when a decision issues from the Appellate Division adverse to Crossings and if the federal proceedings are not then complete, it may then renew its request before the district court on the basis of the changed circumstances or seek emergency relief from the district court or this court. In the meantime, parties should continue with the discovery and trial schedule set by the district court.

The clerk shall refer any subsequent appeal to the members of this panel.

For the reasons set forth above, the decision of the District Court for the Eastern District of New York is hereby AFFIRMED.