■ In the Matter of WOODFIELD EQUITIES, LLC, et al., Petitioners, v INCORPORATED VILLAGE OF PATCHOGUE et al., Respondents. [813 NYS2d 184]—

Proceeding pursuant to EDPL 207 to review a determination of the Board of Trustees of the Incorporated Village of Patchogue, dated November 22, 2004, made after a public hearing, to condemn two parcels of real property located in the Village of Patchogue.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

In August 2004, Woodfield Equities, LLC, (hereinafter Woodfield), purchased two adjoining parcels of real property on Bay Avenue in the Village of Patchogue (hereinafter the Village) for the purpose of housing recovering alcoholics and drug addicts who received treatment at a local clinic. On November 22, 2004, the Board of Trustees of the Village (hereinafter the Board) adopted a resolution, inter alia, to condemn Woodfield's two parcels, and a third parcel, for the purpose of expanding an adjacent park and relocating several government agencies and community groups that were operating out of inadequate facilities.

Woodfield and its affiliates commenced this original proceeding to set aside the proposed condemnation on the grounds that the Board violated the Eminent Domain Procedure Law (hereinafter EDPL), the New York State Environmental Quality Review Act (*see* Environmental Conservation Law art 8 [hereinafter SEQRA]), and the New York State Constitution. In essence, the petitioners claim that the Board misused the power of condemnation as a pretext for discrimination to eliminate group homes for recovering alcoholics and drug addicts from a residential neighborhood. In a separate federal action, the petitioners raised similar claims based on the United States Constitution and several federal anti-discrimination statutes (*see Woodfield Equities, L.L.C. v Incorporated Vil. of Patchogue*, 357 F Supp 2d 622 [2005], *affd* 156 Fed Appx 389 [2005]).

The principal purpose of EDPL article 2 is to insure that an agency does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose (*see* EDPL 201; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417-418 [1986]). Although a party aggrieved by the condemnor's determination and find-

ings may seek judicial review, the scope of that review is limited to (1) whether the proceeding was in conformity with the federal and state constitutions, (2) whether the proposed acquisition is within the condemnor's statutory jurisdiction or authority, (3) whether the condemnor's determination and findings were made in accordance with the procedures set forth in EDPL article 2 and SEQRA, and (4) whether the proposed acquisition will serve a public use, benefit, or purpose (*see* EDPL 207 [C]).

Contrary to the petitioners' contentions, the Board established that the proposed acquisition will serve a legitimate public purpose, and the petitioners' unsubstantiated allegations of bad faith and suspicious timing are insufficient to set aside the determination (*see Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672 [2001]; *Matter of Three P. Corp. v Town of E. Hampton*, 287 AD2d 511 [2001]; *Matter of Rafferty v Town of Colonie*, 300 AD2d 719 [2002]; *Village Auto Body Works v Incorporated Vil. of Westbury*, 90 AD2d 502 [1982]).

Moreover, under the circumstances of this case, the Board's issuance of a negative declaration under SEQRA was appropriate (*see Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363-364 [1986]; *Matter of McCarthy v Town of Smithtown*, 19 AD3d 695 [2005]).

The petitioners' remaining contentions are without merit. Goldstein, J.P., Luciano, Rivera and Fisher, JJ.,concur.