■ In the Matter of GEORGE C. STANKEVICH et al., Petitioners, v TOWN OF SOUTHOLD, Respondent. [815 NYS2d 225]—

Proceeding pursuant to EDPL 207 to review a determination of the Town Board of the Town of Southold dated May 10, 2005, which, after a public hearing, inter alia, in effect, approved the

acquisition of a portion of the petitioners' property for expansion of the Town Hall.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

The petitioners commenced this proceeding, inter alia, pursuant to EDPL 207, to review a determination of the Town Board of the Town of Southold (hereinafter the Town Board) dated May 10, 2005, that it was necessary for the Town of Southold to acquire one half of a one-acre parcel owned by the petitioners for the purpose of expanding and reconstructing the Town's existing Town Hall, including its court facilities, and providing additional parking spaces for the public.

The petitioners' assertion that alternate sites, not contiguous to the Town Hall, would better serve the Town's purposes is not a basis for relief under EDPL 207. The Town, as condemnor, has broad discretion to decide what land is necessary to fulfill its purpose, and its rational determination in that regard will not be disturbed (*see Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook,* 17 AD3d 675, 676 [2005]; *Matter of Wechsler v New York State Dept. of Envtl. Conservation,* 153 AD2d 300, 302 [1990], *affd* 76 NY2d 923 [1990]). The petitioners' unsupported allegations that the Town's determination was made in bad faith and for purposes other than those stated fall far short of a "clear showing" (*Village Auto Body Works v Incorporated Vil. of Westbury,* 90 AD2d 502, 502 [1982]) that the Town's conduct was "irrational, baseless or palpably unreasonable" (*Matter of Dowling Coll. v Flacke,* 78 AD2d 551, 552 [1980]; *see Matter of Rafferty v Town of Colonie,* 300 AD2d 719, 721 [2002]). Since the record reveals that the Town had an "adequate basis" for its determination that acquisition of a portion of the petitioner's lot is necessary to achieve a public purpose, and the petitioners have not shown that the Town's determination was "without foundation," the proposed acquisition should be confirmed (*Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718, 720 [1989]; *see Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 425 [1986]).

The petitioners' contention that the Town failed to fulfill its obligations under the State Environmental Quality Review Act (ECL art 8) is without merit. The record reflects that the Town acted in compliance with applicable regulations (*see* 6 NYCRR 617.1 *et seq.*) by causing a full environmental assessment form addressing all of the pertinent criteria to be prepared and adopting a negative declaration after identifying the relevant areas of environmental concern, taking a "hard look" at them, and making a "reasoned elaboration for its determination" (*Matter of*

*Merson v McNally,* 90 NY2d 742, 751 [1997]; *see Matter of Jackson v New York State Urban Dev. Corp., supra* at 417; *Matter of McCarthy v Town of Smithtown,* 19 AD3d 695, 696 [2005]). In reaching this determination, we note that we have not considered the phase I environmental assessment report included in the record prepared by the Town, since the Town Board did not claim to have relied upon it in making and issuing the negative declaration. Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.