■ In the Matter of JOHN WELLS et al., Appellants, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF NORTHPORT, Respondent. [835 NYS2d 432]—

In a proceeding pursuant to CPLR article 78 to annul Local Law No. 6 (2004) of the Incorporated Village of Northport, amending chapter 306 of the Zoning Code of the Incorporated Village of Northport, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered December 1, 2005, which denied their petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent enacted a zoning code amendment which

resulted in the upzoning of approximately 45 acres of residential property primarily located along the Northport Harbor in the Village of Northport and effectively reduced the amount of future development upon these properties. The petitioners' contention that the respondent failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) in adopting its findings and enacting the zoning code amendment is without merit.

"SEQRA requires that agencies 'minimize or avoid adverse environmental effects' when considering proposed actions" (*Matter of McCarthy v Town of Smithtown,* 19 AD3d 695, 696 [2005], quoting ECL 8-0109 [1]; *see* 6 NYCRR part 617; *Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton,* 262 AD2d 564 [1999]). In the full environmental assessment forms prepared in connection with the proposed zoning code amendment, no adverse environmental effects were identified. Under the circumstances of this case, where the proposed zoning code amendment "would have only beneficial environmental effects, the respondent's issuance of a negative declaration was appropriate and an Environmental Impact Statement was unnecessary" (*Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton, supra* at 565; *see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 688 [1996]; *Matter of McCarthy v Town of Smithtown, supra*).

Furthermore, the respondent identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration for the basis of its determination (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia, supra; Matter of McCarthy v Town of Smithtown, supra; Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton, supra*). Its actions leading to the adoption of the zoning amendment were neither arbitrary or capricious, nor an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia, supra* at 689-690; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 775 [2005]; *Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton, supra*).

The petitioners' contention that the respondent improperly designated the proposed zoning amendment as an unlisted action is also without merit (*see* 6 NYCRR 617.2 [ak]; 617.4 [b]).

The petitioners' remaining contention is without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.