[904 NE2d 816, 876 NYS2d 680]

In the Matter of ASPEN CREEK ESTATES, LTD., Appellant, v TOWN OF BROOKHAVEN et al., Respondents.

Argued January 14, 2009; decided February 17, 2009

## APPEARANCES OF COUNSEL

*Ruskin Moscou Faltischek, P.C.*, Uniondale (*Mark S. Mulholland, Christine McInerney* and *Jonathan C. Sullivan* of counsel), for appellant.

*Harvey B. Besunder, P.C.*, Islandia (*Harvey B. Besunder* and *Zachary D. Dubey* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The judgment of the Appellate Division should be affirmed, with costs. The certified question should not be answered upon the ground that it is unnecessary.

Petitioner contends that the United States Supreme Court's decision in *Kelo v New London* (545 US 469 [2005]), which dealt with takings for purposes of economic development, requires a preexisting farmland preservation plan to justify the taking of its property as a public use within the meaning of the Fifth Amendment (*see* US Const Amend V ["nor shall private property be taken for public use, without just compensation"]). We need not, and do not, reach the issue whether petitioner's interpretation of *Kelo* is correct, since the challenged taking was constitutionally proper even assuming that a preexisting farmland preservation plan was necessary. Petitioner's property was taken pursuant to a legislatively-declared public policy in favor of farmland preservation and as part of the Town of Brookhaven's master plans endorsing farmland preservation. In furtherance of these plans, Town voters passed three bond acts providing $130 million to acquire development rights or fee interests in undeveloped land in the Town; among the areas specifically designated for preservation was the 500-acre tract of farmland in which petitioner's parcel is located.

In short, the public benefits of the taking in this case were not incidental or pretextual in comparison with benefits to particular, favored private entities; petitioner's remaining arguments likewise lack merit. Finally, the parties have not argued, and we do not decide, whether the New York Constitution (*see*

NY Const, art I, § 7 [a]) imposes a more stringent standard for takings than does the Fifth Amendment as interpreted by *Kelo*.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum; Chief Judge LIPPMAN taking no part.

Judgment affirmed, etc.