In the Matter of 265 Penn Realty Corp., Petitioner, v City of New York et al., Respondents. [953 NYS2d 141]—

The principal purpose of EDPL article 2 is to insure that an agency does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose (*see* EDPL 201; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417-418 [1986]; *Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven*, 47 AD3d 267, 271 [2007], *affd* 12 NY3d 735 [2009], *cert denied* 558 US —, 130 S Ct 96 [2009]; *Matter of Woodfield Equities LLC v Incorporated Vil. of Patchogue*, 28 AD3d 488, 489 [2006]). A party aggrieved

by the condemnor's determination may seek judicial review; however, the scope of that review is limited to "(1) whether the proceeding was in conformity with the federal and state constitutions, (2) whether the proposed acquisition is within the condemnor's statutory jurisdiction or authority, (3) whether the condemnor's determination and findings were made in accordance with the procedures set forth in EDPL article 2 and [the State Environmental Quality Review Act], and (4) whether the proposed acquisition will serve a public use, benefit, or purpose" (*Matter of Woodfield Equities LLC v Incorporated Vil. of Patchogue*, 28 AD3d at 490; *see* EDPL 207 [C]). The condemnor has "broad discretion to decide what land is necessary to fulfill its purpose, and its rational determination in that regard will not be disturbed" (*Matter of Stankevich v Town of Southold*, 29 AD3d 810, 811 [2006]; *see Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675, 676 [2005]).

Here, as the petitioner acknowledges, the continued use of the subject real property as a New York City Fire Department Emergency Medical Service station serves a legitimate public purpose. While the petitioner contends that taking the property in fee is excessive, it failed to sustain its burden in this regard. Under the circumstance of this case, the determination that acquisition in fee was necessary to achieve the desired public purpose was rational, and there is no basis upon which to disturb it (*see Matter of Arbern Sutphin Props., LLC v City of New York*, 85 AD3d 1158, 1160 [2011]; *Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven*, 47 AD3d at 278; *Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d at 676; *Matter of Wechsler v New York State Dept. of Envtl. Conservation*, 153 AD2d 300, 303 [1990], *affd* 76 NY2d 923 [1990]). Moreover, the petitioner's unsubstantiated allegations fall far short of the "clear showing" necessary to establish that the condemnor acted in bad faith (*see Matter of Stankevich v Town of Southold*, 29 AD3d at 811; *Matter of Woodfield Equities LLC v Incorporated Vil. of Patchogue*, 28 AD3d at 490; *Matter of Three P. Corp. v Town of E. Hampton*, 287 AD2d 511 [2001]; *cf. Matter of Zutt v State of New York*, 99 AD3d 85 [2012]).

The petitioner's contention that the condemnor failed to fulfill its obligations under the State Environmental Quality Review Act (hereinafter SEQRA) is also without merit. SEQRA requires that agencies "minimize or avoid adverse environmental effects" when considering proposed actions (ECL 8-0109 [1]; *see* 6 NYCRR part 617). In a full environmental assessment prepared in connection with the condemnation, no adverse environmental

impacts were identified. Moreover, it is undisputed that the premises has been used in the same manner as is currently proposed since 1987, and the petitioner has failed to assert any significant potential for environmental harm that might result from the condemnation. Accordingly, the issuance of a negative declaration under SEQRA was appropriate and the preparation of an environmental impact statement was unnecessary (*see* 6 NYCRR 617.7 [a] [2]; *Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven*, 47 AD3d at 274, *affd* 12 NY3d 735 [2009]; *Matter of Woodfield Equities LLC v Incorporated Vil. of Patchogue*, 28 AD3d at 490; *Matter of McCarthy v Town of Smithtown*, 19 AD3d 695, 696 [2005]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.