■ In the Matter of CITIBANK, N.A., Petitioner, v VILLAGE OF TARRYTOWN, Respondent. [52 NYS3d 398]—

Proceeding pursuant to EDPL 207 to review a determination of the Village of Tarrytown, dated April 18, 2016, made after a public hearing, authorizing the taking of a portion of a parcel of real property by eminent domain.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner commenced this proceeding pursuant to EDPL 207 seeking review of a determination of the respondent Village of Tarrytown dated April 18, 2016, that it was necessary to acquire a portion of the petitioner's commercial property by eminent domain for the purpose of providing public parking. The petitioner's property is improved by a building, previously used as a Citibank branch, and a parking lot containing 36 parking spaces. Since 1999, the Village leased a portion of the parking spaces, most recently 21 of them, from the petitioner and its predecessors for use as public parking spaces. Sometime in January 2016, after a decision was made to close the Citibank branch and to sell the building, including its parking lot, the public was denied access to the parking lot. Thereafter, the Village published notice that it was seeking to acquire the 21 parking spaces by eminent domain for continued use as public parking. After a public hearing, the Village issued a determination and findings in which it concluded that it should

exercise its power of eminent domain to acquire the property to provide public parking. The petitioner then commenced this proceeding pursuant to EDPL 207 to review that determination.

The principal purpose of EDPL article 2 is to ensure that an agency does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose (*see* EDPL 201; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417-418 [1986]; *Matter of 265 Penn Realty Corp. v City of New York*, 99 AD3d 1014, 1015 [2012]; *Matter of Goldstein v New York State Urban Dev. Corp.*, 64 AD3d 168, 181 [2009], *affd* 13 NY3d 511 [2009]). Judicial review of a condemnation determination is limited to whether the proceeding was constitutional, whether the proposed acquisition is within the condemnor's statutory jurisdiction or authority, whether the determination and findings were made in accordance with the procedures set forth in EDPL article 2 and the State Environmental Quality Review Act, and whether a public use, benefit, or purpose will be served by the proposed acquisition (*see* EDPL 207 [C]; *Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 418; *Matter of 265 Penn Realty Corp. v City of New York*, 99 AD3d at 1015). Here, the petitioner has failed to demonstrate any basis for setting aside the Village's determination.

Contrary to the petitioner's contentions, the determination to condemn a portion of the petitioner's property is rationally related to the stated public purpose and there is no basis on which to disturb it (*see Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d at 720-721; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 418; *Matter of 265 Penn Realty Corp. v City of New York*, 99 AD3d at 1015).

The petitioner's assertion that alternate sites would better serve the Village's purposes is not a basis for relief under EDPL 207. The condemnor has broad discretion to decide which land is necessary to fulfill its stated purpose (*see Matter of Peekskill Hgts., Inc. v City of Peekskill Common Council*, 110 AD3d 1079, 1080 [2013]; *Matter of Stankevich v Town of Southold*, 29 AD3d 810, 811 [2006]; *Village Auto Body Works v Incorporated Vil. of Westbury*, 90 AD2d 502 [1982]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.