Matter of One Point St., Inc. v City of Yonkers Indus. Dev. Agency (2019 NY Slip Op 01769)





Matter of One Point St., Inc. v City of Yonkers Indus. Dev. Agency


2019 NY Slip Op 01769


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00604

[*1]In the Matter of One Point Street, Inc., et al., petitioners,
v
City of Yonkers Industrial Development Agency, respondent.


Knauf Shaw, LLP, Rochester, NY (Linda R. Shaw and Dwight E. Kanyuck of counsel), for petitioners.
Shamberg Marwell Hollis Andreycak & Laidlaw, P.C., Mount Kisco, NY (P. Daniel Hollis III of counsel), Harris Beach, PLLC, White Plains, NY (John A. Mancuso, Joseph D. Picciotti, and Allison B. Fiut of counsel), and Pauline M. Galvin, Yonkers, NY, for respondent (one brief filed).



DECISION & JUDGMENT
Proceeding pursuant to EDPL 207 to review a determination of the City of Yonkers Industrial Development Agency dated November 28, 2017, made after public hearings, authorizing the taking of certain real property by eminent domain.
ADJUDGED that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed on the merits.
The petitioners commenced this proceeding pursuant to EDPL 207 seeking review of a determination of the respondent City of Yonkers Industrial Development Agency (hereinafter the agency) dated November 28, 2017, made after public hearings, that it was necessary to acquire the petitioners' vacant property by eminent domain for the purpose of returning the property to productive use in accordance with the City's Ravine Master Plan and the Warburton-Ravine Avenue Urban Renewal Area Plan, among other things.
"The principal purpose of EDPL article 2 is to ensure that an agency does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose" (Matter of Citibank, N.A. v Village of Tarrytown, 149 AD3d 931, 932; see EDPL 201; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417-418; Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d 1014, 1015). "Judicial review of a condemnation determination is limited to whether the proceeding was constitutional, whether the proposed acquisition is within the condemnor's statutory jurisdiction or authority, whether the determination and findings were made in accordance with the procedures set forth in EDPL article 2 and the State Environmental Quality Review Act, and whether a public use, benefit, or purpose will be served by the proposed acquisition" (Matter of Citibank, N.A. v Village of Tarrytown, 149 AD3d at 932; see EDPL 207[C]; Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 720; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 418; Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d at 1015).
The petitioners failed to demonstrate any basis for setting aside the agency's determination. Contrary to the petitioners' contention, the agency's determination is rationally related to the stated public purposes (see Matter of Kaur v New York State Urban Dev. Corp., 15 [*2]NY3d 235, 252-255; Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272, affd 12 NY3d 735; Matter of Haberman v City of Long Beach, 307 AD2d 313, 314; see also Kelo v New London, 545 US 469, 477-490). The agency's stated purposes were not so vague as to be illusory (see Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352; Matter of Uptown Holdings, LLC v City of New York, 77 AD3d 434, 435), and the petitioners' unsubstantiated allegations fall far short of the "clear showing" necessary to establish that the agency acted in bad faith (Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d 1014, 1015 [internal quotation marks omitted]).
The condemnor has broad discretion to decide which land is necessary to fulfill its stated purpose (see Matter of Citibank, N.A. v Village of Tarrytown, 149 AD3d at 932). Here, the agency's determination that the proposed acquisition is necessary to achieve the desired public purpose was rational, and there is no basis upon which to disturb it (see Matter of Peekskill Hgts., Inc. v City of Peekskill Common Council, 110 AD3d 1079, 1081; Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d at 1015). To the extent the petitioners contend that alternate sites would better serve the agency's purposes, such an assertion is not a basis for relief under EDPL 207 (see Matter of Citibank, N.A. v Village of Tarrytown, 149 AD3d at 932; Matter of Peekskill Hgts., Inc. v City of Peekskill Common Council, 110 AD3d at 1081; Matter of Stankevich v Town of Southold, 29 AD3d 810, 811).
The petitioners' contention that the acquisition was not within the agency's statutory authority or jurisdiction because it related to school construction or some other municipal development project, and the evidence upon which the petitioners rely in making that claim, were not raised or presented during the administrative proceedings and, therefore, are not properly before us for judicial review (see Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d at 722; Matter of Dudley v Town Bd. of Town of Prattsburgh, 59 AD3d 1103, 1103-1104; Matter of Serdarevic v Town of Goshen, 39 AD3d 552, 553-554).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court