Town of Hempstead v AJM Capital II, LLC (2020 NY Slip Op 02600)





Town of Hempstead v AJM Capital II, LLC


2020 NY Slip Op 02600


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-01625
 (Index No. 9758/12)

[*1]Town of Hempstead, etc., respondent,
v
AJM Capital II, LLC, appellant.


Braunstein Turkish LLP, Woodbury, NY (William J. Turkish of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Saul R. Fenchel of counsel; Michael Fufidio on the brief), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring a certain tax lien void and unenforceable, the defendant appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 6, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment declaring the subject tax lien void and unenforceable, and denied the defendant's cross motion for summary judgment dismissing the complaint and declaring the subject tax lien valid and enforceable, and for summary judgment on so much of its counterclaim as sought to enforce the subject tax lien.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the subject tax lien is void and unenforceable.
The plaintiff, Town of Hempstead, commenced this action, inter alia, for a judgment declaring that a certain tax lien, pertaining to "school district taxes for the year 2005-2006" and "state, county, town and special district taxes for the year 2006," is void and unenforceable. The defendant, which is the assignee of the tax lien, interposed a counterclaim seeking, inter alia, to enforce the tax lien. Subsequently, the Town moved, inter alia, for summary judgment declaring the tax lien void and unenforceable. The defendant cross-moved for summary judgment dismissing the complaint and declaring the tax lien valid and enforceable, and for summary judgment on so much of its counterclaim as sought to enforce the tax lien. The Supreme Court granted that branch of the Town's motion and denied the defendant's cross motion. The defendant appeals.
We agree with the Supreme Court's determination that the subject tax lien is void and unenforceable. Pursuant to RPTL 406(1), "(r)eal property owned by a municipal corporation within its corporate limits held for a public use shall be exempt from taxation and exempt from special ad valorem levies and special assessments." Where a municipality acquires property for a public use, a subsequent tax lien on the property will be " void ab initio'" (Town of N. Hempstead v County of Nassau, 162 AD3d 705, 708 [emphasis omitted], quoting Town of Brookhaven v Aronauer, 65 AD2d 570, 571).
The Town made a prima facie showing that the subject property is put to public use, and, in opposition, the defendant failed to raise a triable issue of fact (see Matter of Citibank, N.A. [*2]v Village of Tarrytown, 149 AD3d 931, 932; Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d 1014, 1014-1015). Contrary to the defendant's contention, although the property was acquired by the Town pursuant to a vesting order dated May 23, 2005, after the "taxable status" date of January 2, 2005, for tax years 2005-2006 and 2006 as set forth in the Nassau County Administrative Code (see Nassau County Administrative Code § 6-2.1[a]), the Town was exempt from taxation on that property (see RPTL 406[1]; see also Town of N. Hempstead v County of Nassau, 162 AD3d at 708). Furthermore, to the extent that the tax lien on the property existed prior to the date that title vested in the Town, such lien was extinguished by condemnation prior to the assignment of the lien to the defendant on September 23, 2011. Upon condemnation, the subject lien is substituted by an equitable lien against the condemnation award (see Financitech, Ltd. v GML Syracuse LLC, 129 AD3d 1552, 1552; Matter of Mill Cr. Phase 1 Staten Is. Bluebelt Sys., 38 AD3d 665, 666, revd on other grounds 10 NY3d 898; Matter of County of Rockland [Kohl Indus. Park Co.], 172 AD2d 607, 609).
In light of our determination, the Town's remaining contentions have been rendered academic.
Accordingly, we agree with the Supreme Court's determination granting that branch of the Town's motion which was for summary judgment declaring the tax lien void and unenforceable, and denying the defendant's cross motion for summary judgment dismissing the complaint and declaring the tax lien valid and enforceable, and for summary judgment on so much of its counterclaim as sought to enforce the tax lien.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the subject tax lien is void and unenforceable (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court