Matter of Carr v City of Buffalo (2024 NY Slip Op 01465)

Matter of Carr v City of Buffalo

2024 NY Slip Op 01465

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1037 OP 23-00778

[*1]IN THE MATTER OF DARRYL CARR AND PARK AVENUE ESTATES, LLC, PETITIONERS,
v
CITY OF BUFFALO, RESPONDENT. 

KAVINOKY COOK LLP, BUFFALO (SCOTT C. BECKER OF COUNSEL), FOR PETITIONERS.
HURWITZ FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent to condemn certain real property. 
It is hereby ORDERED that the determination is confirmed without costs and the petition is dismissed.
Memorandum: Petitioners commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent, City of Buffalo (City), authorizing the condemnation of two parcels of property owned by petitioners. Pursuant to EDPL 207, the scope of this Court's review of a determination to condemn property is " 'very limited' " (Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010], quoting Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]). We must either confirm or reject the condemnor's determination, and our review is "confined to whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with [the State Environmental Quality Review Act ([SEQRA] ECL art 8)] and EDPL article 2; and (4) the acquisition will serve a public use" (Grand Lafayette Props. LLC, 6 NY3d at 546; see EDPL 207 [C]; Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency, 301 AD2d 292, 299 [4th Dept 2002], lv denied 99 NY2d 609 [2003]). "The burden is on the party challenging the condemnation to establish that the determination was without foundation and baseless
. . . Thus, [i]f an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the [condemnor's] determination should be confirmed" (Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014] [internal quotation marks omitted]; see Matter of Eisenhauer v County of Jefferson, 122 AD3d 1312, 1312 [4th Dept 2014]).
Petitioners' contention that the City violated EDPL article 3 is beyond the scope of our review (see EDPL 207 [C] [3]; Matter of Neptune Assoc. v Consolidated Edison Co. of N.Y., 125 AD2d 473, 475 [2d Dept 1986]). We therefore do not address it.
We reject petitioners' contention that the City failed to sufficiently "give notice to the public of the purpose, time and location of its hearing [on the proposed condemnation] setting forth the proposed location of the public project including any proposed alternate locations" as required by EDPL 202 (A) (see also EDPL 201). The City's notice complied with the limited requirements of EDPL 202 (A) by identifying the specific parcels it sought to condemn for the purposes of relieving blight, addressing community needs, and promoting economic development [*2]in a City historic district (see Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272 [2d Dept 2007], affd 12 NY3d 735 [2009], cert denied 558 US 820 [2009]; Matter of Wechsler v New York State Dept. of Envtl. Conservation, 76 NY2d 923, 927 [1990]; Kaufmann's Carousel, 301 AD2d at 302).
We reject petitioners' further contentions that the proposed taking would not serve a public use or benefit and that the City's post-hearing determination and findings failed to sufficiently identify "the proposed public project" as required by EDPL 204 (B). To the contrary, in its determination and findings the City found that petitioners had neglected the specified parcels and allowed them to deteriorate to the point where they presented a safety risk to the public and constituted a blight within a certified historic district that had "otherwise been improved to become a vibrant commercial and historically significant area, attracting tourists as well as local patrons, businesses and tenants." The City further found that this blight was impairing economic development within the otherwise revitalized historic district. The City therefore determined that it was necessary to acquire the neglected properties for the purpose of redeveloping the existing buildings thereon in keeping with the existing character of the district and preserving the properties' historic value. Thus, contrary to petitioners' contentions, this is not a case where we are precluded from determining whether the taking will serve a public use because the condemnor "professe[d] to have no idea what it intend[ed] to do with the . . . property" to be condemned (Matter of HBC Victor LLC v Town of Victor, 212 AD3d 121, 124 [4th Dept 2022]). Instead, "[a]lthough the [City] did not have a [redeveloper] in mind, the [City] made clear what it intended to do with the condemned property" in satisfaction of EDPL 204 (B) (HBC Victor LLC, 212 AD3d at 124; see GM Components Holdings, LLC, 112 AD3d at 1353). Further, "[r]edevelopment is a valid public purpose" (Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1603 [4th Dept 2020]; see Matter of United Ref. Co. of Pa. v Town of Amherst, 173 AD3d 1810, 1811 [4th Dept 2019], lv denied 34 NY3d 913 [2020]), as are "the remediation of substandard or insanitary conditions (i.e., urban blight)" (HBC Victor LLC, 212 AD3d at 124 [internal quotation marks omitted]; see Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 524 [2009]) and historic preservation (see Lubelle v City of Rochester, 145 AD2d 954, 954 [4th Dept 1988], lv denied 74 NY2d 601 [1989]).
We have reviewed petitioners' remaining contentions and conclude that none warrants annulling the determination.
All concur except Lindley, J., who dissents and votes to grant the petition and annul the determination. Memorandum: I respectfully dissent. In their first cause of action, petitioners assert that respondent, City of Buffalo (City), did not adequately describe a public project in its notice of public hearing, as required by EDPL 202 (A). I agree. A "public project" is defined as "any program or project for which acquisition of property may be required for a public use, benefit or purpose" (EDPL 103 [G]). Although "[a] condemnor need not describe every detail of the project or the area to be condemned" in its notice, the notice must nevertheless "adequately" describe the project (Matter of Smithline v Town & Vil. of Harrison, 131 AD3d 1173, 1174-1175 [2d Dept 2015]; see Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272 [2d Dept 2007], affd 12 NY3d 735 [2009], cert denied 558 US 820 [2009]).
Here, the City's notice pursuant to EDPL 202 (A) stated that it was considering taking petitioners' properties "for the purpose of relieving blight, addressing community needs, [and] promoting economic progress in the Cobblestone Historic District." The notice did not, however, give the public any indication what the City intended to do with the properties once the blighted conditions were alleviated. Although relieving blight, addressing community needs, and promoting economic progress may be permissible goals for taking someone's property, that description, standing alone, does not constitute adequate notice of a "public project." The fact that the City later indicated in its determination and findings that it intended to rehabilitate the subject properties, which petitioners sought to demolish so as to alleviate the blighted conditions, does not serve retroactively to cure the defects in the notice of public hearing, and in any event the City did not say what would become of the properties after they were rehabilitated at public expense. Inasmuch as the City failed to meet its statutory obligation to give the public notice of what it planned to do with the properties after alleviating their blighted conditions, I would annul the City's determination and grant the petition.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court