Matter of County of Westchester v City of Rye (2025 NY Slip Op 02201)

Matter of County of Westchester v City of Rye

2025 NY Slip Op 02201

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-10137
 (Index No. 66977/22)

[*1]In the Matter of County of Westchester, et al., respondents, 
v
City of Rye, etc., et al., appellants.

Marks DiPalermo Wilson PLLC, White Plains, NY (Kristen Kelley Wilson of counsel), for appellants.
John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin of counsel), for respondent County of Westchester.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Alfred E. Donnellan and Nelida Lara of counsel), for respondent Standard Amusements, LLC.

DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2022 tax year, the appeal is from an order of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated September 26, 2023. The order, insofar as appealed from, granted those branches of the petitioners' motion which were for summary judgment on those branches of the petition which were to annul the 2022 tax assessment on real property known as Playland Park, to restore the tax exemption on Playland Park pursuant to RPTL 406(1), and to direct that any overpayment of taxes resulting from the revocation of the tax exemption on Playland Park be refunded to them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
Playland Park is a public park located within Westchester County in the City of Rye. In July 2021, the County and Standard Amusements, LLC (hereinafter Standard Amusements, and together with the County, the petitioners), executed an agreement providing that Standard Amusements would manage Playland Park (hereinafter the management agreement). At the time the management agreement was executed, Playland Park was listed as tax exempt pursuant to RPTL 406(1) as land owned by a municipality. By letter dated May 26, 2022, the City's Assessor informed the County that the City deemed Playland Park taxable because, under the management agreement, Standard Amusements was the beneficial owner of Playland Park and the park was no longer being operated for any public purpose. The petitioners filed grievances with the City's Board of Assessment Review (hereinafter the Board), which were denied.
On October 13, 2022, the petitioners commenced this proceeding against the City, its Assessor, and the Board (hereinafter collectively the appellants) pursuant to Real Property Tax Law article 7 to challenge Playland Park's classification as taxable property and the resulting final assessment. The petitioners sought, inter alia, to annul the assessment, to restore the tax exemption [*2]pursuant to RPTL 406, and to obtain a refund from the City for any overpayment of taxes resulting from the revocation of the tax exemption. On November 18, 2022, the petitioners moved, among other things, for summary judgment on those branches of the petition which were to annul the 2022 tax assessment on Playland Park, to restore the tax exemption on Playland Park pursuant to RPTL 406(1), and to direct the appellants to refund any overpayment of taxes resulting from the revocation of the tax exemption on Playland Park. In an order dated September 26, 2023, the Supreme Court, inter alia, granted those branches of the petitioners' motion, and this appeal ensued.
Generally, taxpayers "must prepay the disputed tax, including interest and penalties, before their actions may be maintained" (Matter of Morris Invs. v Commissioner of Fin. of City of N.Y., 69 NY2d 933, 936; see Welch Foods v Wilson, 262 AD2d 949, 951). However, "[t]he Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality" (People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9; see Matter of Culinary Arts Riverhead, LLC v Assessor of the Town of Riverhead, 216 AD3d 777, 779). Here, the petitioners commenced this proceeding in October 13, 2022, more than six months before the subject assessment came due on February 28, 2023. The appellants' answer was originally due on November 7, 2022, and the petitioners' motion was returnable on December 12, 2022. Those dates were "adjourned to accommodate [the appellants]." The appellants filed their answer and their opposition to the motion on March 31, 2023. The County was under no obligation to pay any tax burden to the City at the time it commenced this proceeding and, to the extent that the City was "denied or delayed" in collecting the subject taxes, it caused such delay through its action in seeking an adjournment to answer the petition and to oppose the petitioners' motion (W.T. Grant Co. v Srogi, 52 NY2d 496, 516). Under these circumstances, the "pay first, litigate later" scheme of tax litigation does not preclude the County from maintaining this proceeding.
Turning to the merits of the exemption, the Supreme Court properly determined that Playland Park remains exempt from real property taxes pursuant to RPTL 406(1). Pursuant to RPTL 406(1), "(r)eal property owned by a municipal corporation within its corporate limits held for a public use shall be exempt from taxation" (see Town of Hempstead v AJM Capital II, LLC, 183 AD3d 550, 551). "[W]hen, as here, a municipality seeks to withdraw a previously granted tax exemption, the municipality bears the burden of proving that the real property is subject to taxation" (Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d 578, 581 [internal quotation marks omitted]; see Matter of Brookdale Physicians' Dialysis Assoc., Inc. v Department of Fin. of the City of N.Y., 41 NY3d 608, 616). "In assessing whether the municipality met its 'initial burden,' we examine both the agency's 'revocation letter' and any 'additional proof' submitted in response to the taxpayer's petition challenging the agency's determination" (Matter of Brookdale Physicians' Dialysis Assoc., Inc. v Department of Fin. of the City of N.Y., 41 NY3d at 616, quoting Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614, 624-625).
Here, the petitioners established their prima facie entitlement to judgment as a matter of law under RPTL 406(1) as they demonstrated that Playland Park is owned by the County within its corporate limits, that the land is held for public use, and that the park was tax exempt pursuant to RPTL 406(1) prior to the May 26, 2022 letter purporting to revoke Playland Park's exemption.
In opposition, the appellants failed to raise a triable issue of fact as to whether Playland Park is subject to taxation. Contrary to the appellants' contention, the management agreement did not confer ownership of the property upon Standard Amusements. The management agreement requires Standard Amusements to "manage and operate Playland Park consistent with its current recreational uses as a public park facility," and further requires that Standard Amusements submit plans to the County annually regarding the operation, improvement, and advertisement of the park. Under the management agreement, if Standard Amusements wished to make any material improvements to the property, it must comply with a review process wherein all plans and specifications are submitted to the County for approval. The management agreement specifically states that "[n]either Playland Park, nor any land, building, space, improvement or equipment is being sold or leased hereunder, nor is any interest in real property being granted, or any possessory right with respect to Playland Park or any part thereof being granted." Under these circumstances, the County contracted with Standard Amusements to manage Playland Park, and Standard [*3]Amusements did not exercise such "dominion and control" over the property so as to transfer ownership to Standard Amusements, which would justify revocation of the tax exemption under RPTL 406(1) (Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn. of City of N.Y., 60 NY2d 85, 91).
The appellants' remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court